## Appeal of The Bridesburg Manufacturing Company.

1. A bill of interpleader cannot be maintained by a plaintiff, alleging himself to be a stakeholder, where it appears, at any stage of the cause, that there is a substantial controversy between the plaintiff and the defendants in regard to the extent of the plaintiff's liability, or the amount of his indebtedness. He cannot bring the defendants into a court of equity to settle a dispute with himself under the pretence of compelling them to settle one between themselves.

2. A. filed a bill of interpleader against B. C. and D., alleging that he owed B. a certain sum of money, overdue, but without interest thereon, which was claimed by C. and D. The defendants in their answer averred that A. also owed interest on said sum. The Examiner and Master to whom the cause was referred reported, as a fact, that A. did not owe said interest, and, as matter of law, that he was entitled to maintain the bill.

   *Held*, that the controversy as to plaintiff's liability for interest was such as to preclude him from maintaining a bill for interpleader.

April 9, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, and STERRETT, JJ. GREEN and CLARK, JJ., absent.

APPEAL from the Court of Common Pleas, No. 4, of *Philadelphia county:* In Equity: Of January Term, 1884, No. 323.

This was an appeal by the Bridesburg Manufacturing Company, from a decree of said court dismissing a bill for interpleader, filed by said company against the Lehigh Valley Iron Company, Aaron Balliet, John McNulty, and several other defendants. The bill averred that the plaintiff owed the Lehigh Valley Iron Company the sum of $7,833.54, being the amount of certain promissory notes which fell due July 13, 1877, and which plaintiff was at that time unable to pay; that said Lehigh Iron Company then agreed " that the time for payment of the notes should be extended, and without interest thereon, until July 13, 1882, and the same was in fact so extended." That at several dates since 1877, the several defendants Balliet, et al., judgment creditors of the Lehigh Valley Iron Company, had caused six several attachments sur judgments to be served on complainant, attaching said indebtedness due by complainant to the Lehigh Valley Iron Company; that complainant is now able and willing to pay the sum of $7,833.54, but by reason of said attachments cannot safely pay the same to any of the defendants, without a decree as to who is entitled thereto. The bill averred that the complain-

ant is not otherwise indebted to said Lehigh Valley Iron Co. than as above stated and has incurred no independent liability to any of said attaching creditors, and itself has no interest in said indebtedness.

The prayer was in the usual form, that the defendants, attaching creditors, should interplead, and that complainant have leave to pay said sum into court to abide the decree of the court, etc.

The answers of the defendants admitted all the averments of the bill, except the alleged agreement that the complainant was not to pay interest on said sum of $7,833.54, during the time payment thereof was extended, and averred that the defendant was also indebted to said Lehigh Valley Iron Co. for interest thereon from July 13, 1877.

The cause was referred to an examiner (C. Stuart Patterson, Esq.), with directions to take testimony, report the facts determined by him therefrom, with his conclusions of law and equity, and a decree.

From the testimony—the greater portion of which related to the issue of fact raised by the bill and answer whether the complainant owed interest on said principal sum—the examiner reported that he found as a fact that the agreement of extension was as averred in the bill, viz., that the complainants should not pay or be liable to pay interest, and that said composition agreement was signed by complainants' other creditors on that distinct understanding and agreement, and no interest was paid to any creditor on the extended debts. He further reported. that .equity having jurisdiction of the bill, on the ground of interpleader, that incidental and subsidiary question was properly cognizable in the cause. The examiner therefore reported that .the complainant was entitled to maintain the bill, as a bill of interpleader, and submitted an appropriate form of decree.

. Exceptions filed by the defendants, the attaching creditors, to the above finding of fact and conclusions of law were sustained by the court in the following opinion by THAYER, P. J.:

Notwithstanding what was said by SUTHERLAND, J., in Atkinson *v.* Manks, 1 Cowen, 704, we think it is well settled, both in England and in this country, that a bill of interpleader cannot be maintained by a plaintiff who has a personal interest in the subject of the controversy. He must show that he is a mere stakeholder, without any rights of his own to be litigated. The object of the proceeding is to determine to which of several claimants the plaintiff shall pay a certain debt or duty, about which there is no dispute except as to the person entitled to receive it, so that when their respective rights are settled nothing further remains in controversy.

But that, as Mr. Justice STORY well observes, can never be truly said to be the case where the plaintiff asserts a personal right or claim which remains to be settled between him and the other parties: 2 Com., § 807. The plaintiff can only succeed in getting a decree where he disclaims all title or interest in the controversy himself. If he has a contest of his own with the several claimants he cannot settle it by a resort to this form of procedure.

Thus in Mitchell v. Hayne, 2 Sim. & St., 63, and Diplock v. Hammond, 2 Sm. & G., 141, where the proceedings disclosed a contest between the plaintiff and defendants as to the amount of the debt due by the plaintiff, it was held that the bill could not be maintained: Moore v. Usher, 7 Sim., 390, and Bignold v. Audland, 11 Sim., 23, are to the same effect. We do not agree with the Master in the conclusion arrived at in his review of those cases, viz., that they were decided upon the ground that the plaintiff was interested in the success of one party more than the other, but rather that he was himself an interested party in the subject of the dispute, and for that reason could not maintain such a bill. He was not only a stakeholder, but a stakeholder who denied the amount of the stake which was claimed of him. The same point has been frequently ruled in the courts of this county. Thus in Lozier v. Van Saun, 2 Green Ch., 325, it was held that no personal interest or right of the complainant can be decided on a bill of interpleader. And so in The Bank v. Bangs, 2 Paige, 570; Badeau v. Rogers, 2 Paige, 209; Bedell v. Hoffman, 2 Id., 199, 200; Patterson v. Perry, 6 Duer, 686; Wakeman v. Dickey, 19 Abb. Pr., 24. The plaintiff cannot litigate any part of the claim of either defendant, and when the claims of the different defendants differ in amount the plaintiff should offer to bring into court the largest sum claimed: Mohawk and Hudson R. R. Co. v. Clute, 4 Paige C. R., 384. All the text writers agree that the first essential of a bill of interpleader is that the complainant must be a mere naked stakeholder without any interest in the fund, and without any controversy of his own to be settled in the cause. "The simple circumstance," as was said by Vice Chancellor STUART in Diplock v. Hammond, "that there is a question between the plaintiff and the defendants as to the amount of the fund is fatal to the bill." In Pennsylvania the question is authoritatively settled in the same manner in Dohnert's Appeal, 14 P. F. S., 311, and for that reason it is entirely unnecessary to prosecute the inquiry further.

Now it is entirely immaterial at what stage of the controversy the plaintiff's interest in the litigation appears. When it is substantially shown that he is not a mere stakeholder,

but an interested party who has a controversy with the defendants about his indebtedness or its amount, he is no longer in a position to maintain a bill for an interpleader. On the one hand, the plaintiff cannot, by an ingenious framing of his bill, compel the defendants to settle their controversy *with him* in a court of equity under the form of an interpleader, if his case, when disclosed by the evidence, is not a case for an interpleader. On the other hand, the defendants doubtless cannot, by their mere answer, deprive the plaintiff of this remedy by setting up a frivolous or pretended claim against him in order to defeat it. But whenever it appears that there is a substantial controversy between the plaintiff and defendants in regard to the extent of the liability of the former, or the amount of his indebtedness, the plaintiff's right to this remedy is at once determined, for he cannot bring the defendants into equity to settle a dispute with himself under the pretence of compelling them to settle one between themselves.

These principles are decisive of the present case. Here the plaintiff has brought the defendants into a court of equity, ostensibly to compel them to interplead in order to determine their respective rights to the stake in the hands of the plaintiff, which the plaintiff alleged in the bill to be $7,833.54. But the case as disclosed by the evidence, is that the defendants have always claimed that the debt due by the plaintiff was considerably more than $10,000 instead of $7,833.54—the difference being the interest which the defendants claim to be due upon the debt. The whole controversy before the Master has been about this interest, all the defendants claiming it, and the plaintiff denying its liability for it, so that what was litigated before the Master, and what the Master has chiefly been engaged in determining is, not the interpleader, but the controversy between the plaintiff and defendants in regard to the amount of the debt owing by the plaintiff, a controversy which could not properly arise, and which cannot properly be determined in a bill of interpleader. It seems as near as possible the very case of Bignold *v.* Audland, 11 Sim., 23, where the interpleader bill was dismissed because of a controversy between the plaintiff and one of the defendants as to whether interest was due on the debt which the plaintiff in his bill admitted he owed.

It must be remembered that we have not the full powers of a Court of Chancery. The Act of 16th of June, 1836, gives us jurisdiction upon this subject only so far as relates to " the determination of rights of property or money claimed by two or more persons in the hands or possession of a person claiming no right of property therein." This clause, as was said by the court in Dohnert's Appeal, 14 P. F. S., 314, " describes

accurately a bill of interpleader, but it does not comprehend what is known in the books as a proceeding in the nature of a bill of interpleader," which is a proceeding in which a bill is filed to establish not only the conflicting rights of third persons, but those of the plaintiff himself also in the subject of controversy. But Dohnert's Appeal decides that we have no jurisdiction to entertain such a bill. While therefore it is highly probable that under the general and comprehensive jurisdiction of the Court of Chancery in England, such a case as that now before us might be maintained in that court upon the filing of a bill in the nature of a bill of interpleader, although as we have seen it could not even there be maintained upon a bill of interpleader properly so called, it seems certain, since Dohnert's Appeal, that such a bill cannot be maintained in Pennsylvania, inasmuch as the jurisdiction conferred is only of bills of interpleader proper, and not of bills in the nature of bills of interpleader, and as it is essential to bills of interpleader proper that the plaintiff, in order to obtain a decree, must be without interest in the subject matter of the controversy, the present proceeding cannot be maintained.

The first and tenth exceptions are sustained and the bill dismissed, the plaintiff to pay the costs.

The complainant took this appeal, assigning for error the sustaining of said exceptions, and the decree dismissing the bill.

*Hunn Hanson* (*J. Morgan Jennison* with him), for the appellant.—It is conceded that a bill of interpleader cannot be used to settle a dispute between the plaintiff and defendant as to the extent of the former's liability. But the denial by the defendant of the correctness of the debt admitted by the plaintiff is not a controversy or dispute as to the extent of the plaintiff's liability. It simply puts the plaintiff to the proof of his case. If by proof he maintains that the debt is that which he stated, he is entitled to relief, if he does not his bill is dismissed. There is of course a controversy, and a substantial one; it is not what is the extent of the plaintiff's liability, but is his liability as stated true or false? It is supposed that the singular confusion of the opinion has arisen on this point, and that the court failed to distinguish that the denial by defendant of the sum admitted to be due by plaintiff makes a contest as to the truth of the admission, but does not as to the character or extent of his liability. The Examiner (who had by the terms of the reference all the powers of a Master, and indeed is so styled in the opinion of the court below), found the fact against the defendants, and in accordance with the averment in the bill. The court did not

reverse that finding of fact, but held that because there was a "question" about the amount of plaintiff's indebtedness the jurisdiction to entertain an interpleader bill was ousted. To sustain that ruling will be to hold that a bill of interpleader could *always* be defeated by an allegation on the part of the defendants that the plaintiff owed a larger sum than that which he admitted to be due, although that allegation might, as in the case at bar, be negatived by the proofs. The allegations, whose statement and whose proof are essential to the maintenance of an interpleader suit, are these: 1st, that two or more defendants have preferred a claim against the plaintiff as to the same subject matter; 2d, that the plaintiff has no beneficial interest in that subject matter; and 3d, that the plaintiff cannot safely assume the responsibility of determining which of the defendants is entitled to the subject matter claimed. All those we established in this case—hence there was error in dismissing the bill.

*Preston K. Erdman* (with him *Baird & Hopkinson*, and *B. F. Fisher*), for appellees.—The plaintiff proposes to have its controversies with the defendants determined in equity, while the remedy at law is full and adequate. The issue proposed by the plaintiff as to its liability to the defendants, is altogether unequal; a decree in favor of plaintiff, would be conclusive of its controversy with defendants, while a decree in favor of defendants would not be conclusive of that controversy, but would only leave the defendants to their remedies at law.

The opinion of the court was filed April 21, 1884.

PER CURIAM. We do not deem it necessary to add anything to the clear and able opinion of the learned judge in the court below. We adopt it as a correct statement of the law applicable to the facts in this case.

> Decree affirmed and appeal dismissed at the costs of the appellant.