# William B. Wolfe, Appt. *v.* George B. Gordon, Assignee, etc., et al.

Where a bill of interpleader has been filed by a maker of a note, alleging that he is indebted thereon to the payee thereof; that two parties claim the money so due by him as being legally coming to them, and a decree has been obtained by him that he pay the money into court and that the claimants thereto proceed to settle their title by legal proceeding, and he has paid the money into court, he cannot file a supplemental bill to undo all this and to set up a claim which is only available as a defense to the note; and such supplemental bill will be dismissed.

(Argued November 12, 1886. Decided November 15, 1886.)

October Term, 1886, No. 154, W. D., before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Appeal from a decree of the Common Pleas No. 1 of Allegheny County in equity, dismissing a supplemental bill. Affirmed.

The bill was filed by William B. Wolfe against Thomas Hare *et al.,* George B. Gordon, assignee of William N. Riddle, and Wm. C., and Chas. E. Stewart.

The facts appear in the following opinion of the court below upon hearing of arguments on bill, answer, and demurrer:

"The record in this case affords a peculiar specimen of practice which is more novel than scientific. The original bill was strictly an interpleader in which plaintiff alleged that he had made a note for some $4,000 to a certain W. N. Riddle for value and also had deposited with him certain shares of stock as collateral security for its payment; that Riddle had made an assignment for his creditors and that Geo. B. Gordon, the assignee, threatened to sell said stock and apply the proceeds to the payment of the note.

"He further alleged that Thos. Hare *et al.* had caused an execution attachment to be issued against said Riddle and that he (plaintiff) had been sued as garnishee, and averred that he was ready and willing, and had been from the maturity of said note,

NOTE.—A party is estopped from denying the validity of a decree in a judicial proceeding where he has secured it himself, or where he has accepted benefits under *it.* Foster v. Com. 35 Pa. 148; McClure v. Com. 80 Pa. 167.

to pay the same to whoever might be entitled thereto upon surrender of the said stocks. He also asked leave to pay the amount of said note into court and prayed that the assignee be thereupon enjoined from selling the stocks.

"After hearing October 29, 1884, an injunction was allowed and issued and on February 5, 1885, a decree was prepared and agreed to by all parties in interest in the suit that the claimants to the proceeds of the note interplead or pray for, and for that purpose it is ordered that defendants T. Hare *et al.* do proceed in the action on the execution attachment brought by them against plaintiff,—the defendant George B. Gordon, assignee, to defend said action.

"That the matter stood, so far as appears now, till June 22, 1885, when plaintiff comes into court and files 'by leave,' this supplemental bill, stating therein that, since the original bill filed by him, he has paid $4,080, the proceeds of said note, into court in order that the parties might interplead so that it might be ascertained to whom the money belonged and ought to be paid; that the money is still in court and that it was due as payment of a note given said W. N. Riddle for an interest in a certain stock of goods sold by him to plaintiff and others associated with him; that said stock of goods thus sold by Riddle has been determined in a suit at law not to be the property of said Riddle, but the property of a certain W. C. and Chas. E. Stewart, and that said Stewarts have entered a suit against plaintiff seeking to recover the value of said stock of goods, and that if they should recover in said action, plaintiff would be compelled to pay for the same a second time, and, therefore, he asked that said Stewarts be decreed to interplead with the other defendants.

"Answers were put in by the defendants, and on May 21, 1886, counsel for the Stewarts, two of the defendants, ordered the case down on bill and answer. The case was argued without objection or examination of the papers by the court, and it was only when we came to examine into the case with a view to its determination that the very peculiar state of the record was discovered, and we discovered, *inter alia,* that the case had been ordered down on bill and answer by defendants' attorneys,—a novel if not an entirely regular way of getting cases before the court for hearing.

"But, to recur to the question which was sought to be raised

and which was argued at considerable length, Has plaintiff any right to the relief he now asks, whether it be by amendment or supplemental bill, under equitable principles? We are clear that he has not. In his original bill he has declared (and without so doing he would have had no right to an interpleader) that he was indebted to Riddle, that two parties claimed the money due by him to Riddle as being legally coming to them, and that they should be compelled to interplead that he might know to whom the money due on said note legally belonged. Not only so but he obtained a decree (still in full force) that he pay the money into court and that the claimants thereto proceed to settle their title by legal proceeding, and paid the money into court. He now seeks to undo all this and to set up a claim which is only available as a defense to the note given Riddle, the amount of which he has already paid into court. In other words, he seeks now to turn his proceeding into one under which it may be determined whether he owed Riddle anything or not.

"This cannot be done and this supplemental bill must be dismissed."

The court entered a decree accordingly and complainant appealed.

The assignments of error specified the action of the court in entering the decree dismissing the bill; and in not entering a decree that the defendants, Gordon, assignee, etc., and W. C. and C. E. Stewart do interplead together, as touching their right to the fund in court.

*M. H. Houseman* and *G. P. Hamilton, Jr.*, for appellants.—If the original bill was sufficient to entitle complainant to one kind of relief, and facts subsequently occur which entitle him to other or more extensive relief, he may have such relief by setting out such new matter in the form of a supplemental bill. Bright. Eq. Jur. 825.

An original bill, in the nature of a supplemental bill, is properly applicable when new parties, with new interests arising from events since the institution of the suit, are brought before the court. Id. 835; Story, Eq. Pl. 345.

Such a bill may be filed as well after as before decree. Bright. Eq. Jur. 827.

Although a bill of interpleader, strictly so called, lies only

where the party applying claims no interest in the subject-matter, yet there are many cases where a bill in the nature of a bill of interpleader will lie by a party in interest to ascertain and establish his own rights where there are other conflicting rights between third persons; as, for instance, if a plaintiff is entitled to equitable relief against the owner of property and the legal title thereto is in dispute between two or more persons, so that he cannot ascertain to which it actually belongs, he may file a bill against the several claimants in the nature of a bill of interpleader for relief." Dan. Ch. Pr. 1571.

A vendee of personal property may file a bill in the nature of an interpleader against his vendor and a third party who claims the property, and pray a decree upon their title, so that he may be secure in the payment of the purchase money. Darden v. Burns, 6 Ala. 362.

The court, already having the fund and jurisdiction of the disposition of it, will decide every question embraced in the circle of contest. McGowin v. Remington, 12 Pa. 63, 51 Am. Dec. 584; Souder's Appeal, 57 Pa. 498; Winton's Appeal, 97 Pa. 395.

Although in so doing it may adjudicate questions which, if standing alone, would not warrant the assumption of jurisdiction. Socher's Appeal, 104 Pa. 609; McGowin v. Remington, 12 Pa. 63, 51 Am. Dec. 584.

A bill of interpleader may be filed; although the complainant has not been sued at law or has been sued by only one of the parties, or although the claim of one of the parties is actionable at law and the other in equity. Richards v. Salter, 6 Johns. Ch. 445.

Under the prayer for general relief plaintiff is entitled to such relief as is agreeable to the case made by the bill, though different from the special relief prayed. Slemmer's Appeal, 58 Pa. 155, 98 Am. Dec. 248.

Where a court of equity is in possession of a case and has jurisdiction of the subject-matter it may proceed to make a proper decree, to do justice between the parties, though the bill be misconceived. Danzeisen's Appeal, 73 Pa. 65; Wilhelm's Appeal, 79 Pa. 120.

*John Dalzell,* for appellees.—The same thing, debt, or duty, must be claimed by both the parties against whom the inter-

pleader is demanded. This requisite results from the very nature and object of the remedy. 3 Pom. Eq. Jur. § 1323. See also Pfister v. Wade, 56 Cal. 46; Desborough v. Harris, 5 De G. M. & G. 455.

The adverse titles of the claimants must be connected, or dependent, or one derived from the other, or both derived from a common source. 3 Pom. Eq. Jur. § 1324.

It is not every instance of conflicting claims against a person for the same thing, debt, or duty, which will entitle him to the remedy of an interpleader. Where there is no privity between the claimants, where their titles are independent, not derived from a common source, but each asserted as wholly paramount to the other, the stakeholder is obliged, in the language of the authorities, to defend himself as well as he can against each separate demand; a court of equity will not grant him an interpleader. Id. § 1324; Crawshay v. Thornton, 2 Myl. & C. 19; Pfister v. Wade, 56 Cal. 46.

The person seeking relief must not have nor claim any interest in the subject-matter. 3 Pom. Eq. Jur. § 1325, and cases cited.

The party seeking the relief must have incurred no independent liability to either of the claimants. 3 Pom. Eq. Jur. § 1326.

When a person is sued by a person from whom he bought goods for the price, and also by a third person for the value of the goods in trover, he is not entitled to an interpleader. Slaney v. Sidney, 14 Mees. & W. 800; James v. Pritchard, 7 Mees. & W. 216; Trigg v. Hitz, 17 Abb. Pr. 436; Shehan v. Barnett, 6 T. B. Mon. 592.

PER CURIAM:

As we fully agree with the conclusion reached in the opinion of the learned judge of the court below, we do not feel inclined, nor do we think it necessary, to give the matter further attention.

Decree affirmed and appeal dismissed, at the costs of the appellant.