Arguments.

## J. J. DeZOUCHE v. W. G. GARRISON ET AL.

APPEAL BY G. D. WOODSIDE FROM THE COURT OF COMMON
PLEAS NO. 2 OF PHILADELPHIA COUNTY.

Argued January 15, 1891—Decided March 9, 1891.
[To be reported.]

1. A defendant who applies for an interpleader under the act of March
11, 1836, P. L. 77, must be a mere stakeholder, must have no interest in
the subject matter of the suit, must admit his liability for the whole of
the plaintiff's demand, and must offer to bring the goods or money into
court, or to dispose thereof as the court shall order.

2. It is too late, after the case is at issue, for the defendant to make his ap-
plication for an interpleader; a fortiori, when the case has proceeded
to judgment for the plaintiff, the defendant cannot have the right of re-
covery, thus adjudicated, tried over again, by bringing in the claimant
of an adverse right which was available as a defence to the action.

(a) An alleged bailor of goods having recovered judgment for their con-
version against the bailee, the latter applied for an interpleader be-
tween the plaintiff and the claimant of an adverse right to the goods,
available as a defence to the suit. The petition did not disclaim interest
in the subject-matter of the action, though averring that the defendant
was a stakeholder of the money recovered, etc.:

3. Whether the application be regarded as made under the common-law
practice, or the practice under the act of 1 & 2 Will. IV., or under the
act of March 11, 1836, P. L. 77, or under the practice in equity, it could
not be sustained, as, in any aspect, the features essential to the existence
of a right to an interpleader were lacking, and an order for an issue
was properly refused.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 12 July Term 1890, Sup. Ct.; court below, No. 3 March
Term 1889, C. P. No. 2.

On December 28, 1888, John J. DeZouche trading as John
J. DeZouche & Co., brought foreign attachment in assumpsit
against Walter G. Garrison. The writ was served on George
D. Woodside and others as garnishees, and on January 5, 1889,
an appearance was entered for George D. Woodside, garnishee.

*See 2 Brewst. Pr., 1127, tit., "Interpleaders."

### Statement of Facts.

Having obtained judgment against the defendant for $1,532.67, in default of an appearance, the plaintiff, on September 25, 1889, issued writs of scire facias against the garnishees, service of which was accepted for them.   On September 26, 1889, separate interrogatories to Woodside and to the other garnishees were filed, and on March 27, 1890, George D. Woodside filed in the court below the following petition :

" The petition of George D. Woodside respectfully represents :

" That he has been summoned as garnishee in the above case, and that interrogatories have been served upon him, and a scire facias upon the judgment obtained has been served upon him.

" That in a certain action in C. P. No. 1, of March Term 1889, No. 663, wherein Anna A. Garrison is plaintiff and your petitioner is defendant, a judgment has been entered against your petitioner in favor of said Anna A. Garrison, in the sum of $464.84.

" That said amount represents the value of certain household effects and personal property, and your petitioner has been put upon notice, personally by counsel and by the proceedings in this case, that the plaintiff herein, John J. DeZouche, claims that as between him and the said Anna A. Garrison the said property belonged to Walter G. Garrison, the defendant herein.*

" That your petitioner is a mere stakeholder of said fund, and is willing and desirous of paying the same to such person as is entitled to the same, or to pay the said money into court.

" Your petitioner therefore prays that a decree may be entered directing that an issue be formed, in which the question shall be whether the right to demand and receive the said sum of $464.84, admitted to be due by the said George D. Wood-

---

* In the appellant's history of the case it was stated that the judgment in favor of Mrs. Garrison was recovered in an action brought by her for the value of certain articles of furniture, etc., stored by her, or by her husband in her name, with Woodside, for safe keeping, and sold by him without having given legal notice to the person who stored them with him ; that said articles had been purchased from DeZouche by Walter G. Garrison, the husband of Mrs. Garrison, and that this foreign attachment was brought by DeZouche for the recovery of their price.

side, under the judgment rendered in C. P. No. 1 of March Term 1889, No. 663, is in Anna A. Garrison or John J. De-Zouche, in which issue the said John J. DeZouche shall be the plaintiff and the said Anna A. Garrison the defendant.

"And he will ever pray," etc.

Upon the filing of the petition, the court granted a rule to show cause why the order prayed for should not be made, but subsequently discharged the rule; whereupon George D. Woodside took this appeal, specifying that the court erred:

1. In discharging the rule for an interpleader.

2. In refusing to make the order for an issue prayed for.

*Mr. Alexander P. Colesberry* (with him *Mr. Frank R. Shattuck*), for the appellant:

It will be noticed that the petitioner distinctly swears that he is a mere stakeholder, and is willing to pay the fund to the person entitled, or to pay it into court to abide by the order of the court. He has thus complied with all the requirements of the law. It has always been the policy of the law of Pennsylvania to favor interpleader proceedings of this kind, because: (*a*) they will work equity as between contending parties; and (*b*) they will prevent circuity and multiplicity of actions, and unnecessary litigation and delay. The following authorities are applicable to the case in hand: Bechtel v. Sheafer, 117 Pa. 555; Pennypacker's App., 57 Pa. 114; § 4, act of March 11, 1836, P. L. 77; Bridesburg Mfg. Co.'s App., 106 Pa. 275; Pomeroy's Eq. Jur., 1326, 1327; Brownfield v. Canon, 25 Pa. 301.

*Mr. Joseph M. Pile* (with him *Mr. W. W. Ledyard*), for Anna A. Garrison:

Anna A. Garrison, the wife of Walter G. Garrison, brought an action of trespass against Woodside to No. 663 March Term 1889, C. P. No. 1, for the conversion of goods belonging to her. Woodside pleaded not guilty, and the case was so proceeded in that a judgment was rendered in favor of Mrs. Garrison for $464.84. This writ of foreign attachment was issued pending that suit. The effect of granting the order prayed for would be to compel the Court of Common Pleas No. 2 to review the proceedings in the Court of Common Pleas No. 1, the judg-

ment of the latter being that Woodside had converted goods belonging to Mrs. Garrison, and to require reconsideration of the question whether the goods converted were those of Mrs. Garrison or the goods of Mr. Garrison. The judgment recovered by Mrs. Garrison is in full force, and no appeal therefrom has been taken. And it will be noticed that Mrs. Garrison's claim was for unliquidated damages for a tort, and the surrender of the goods would have mitigated the damages. So, even if the husband had asserted the claim, the attachment would not lie. A claim for unliquidated damages for a tort is not attachable: Selheimer v. Elder, 98 Pa. 154.

OPINION, MR. JUSTICE GREEN:

The proceeding in controversy commenced by a petition of Woodside, garnishee of Walter G. Garrison, who is the defendant in an action of foreign attachment brought by DeZouche against him, asking the court below to direct an issue to be formed between DeZouche and one Anna A. Garrison, to determine the right to a sum of $464.84, for which the said Anna A. Garrison had recovered a judgment against Woodside. The petition alleges that an action had been brought in Common Pleas No. 1, of Philadelphia county, by Anna A. Garrison, against the petitioner, to recover the value of certain household effects and personal property, and that the plaintiff in the attachment case "claims that as between him and the said Anna A. Garrison, the said property belonged to Walter G. Garrison, the defendant herein." The petitioner further alleges that he is a mere stakeholder of the fund, and wishes to pay the money to the person entitled, or into court, and therefore asks an issue on the right to receive the money.

The petition is disingenuous in not stating the cause of action in the suit brought against the petitioner by Anna A. Garrison, but it is stated that the judgment had already been recovered when the petition was presented. In the appellant's history of the case it is said that the household goods and personal effects, mentioned in the petition, had been stored with the garnishee, Woodside, either by Anna A. Garrison or her husband, Walter G. Garrison, as a storage-house keeper for safe-keeping, and that he, Woodside, had sold the goods without legal notice being given to the person who stored them. It

is further stated that suit was then brought by Anna A. Garrison, which was referred to a referee, and that during the pendency of this litigation the present attachment was issued. But it is nowhere stated, either in the appellant's petition for the issue, or in the history of the case, or in the appellee's counter-statement, when the writ of attachment was issued and served, or when the action by Anna A. Garrison was commenced, or when the interrogatories to the garnishee were filed, or whether any interrogatories were filed, or whether any answers were filed, or when the judgment of Anna A. Garrison against the garnishee was obtained. We should have been informed of all these matters, in order to have an intelligent understanding of all the circumstances which require consideration. Upon consulting the record and the docket entries, we find that the writ of attachment was issued and served on December 28, 1888; the action of Anna A. Garrison against Woodside was No. 663 March Term 1889; interrogatories were filed and scire facias issued September 25, 1889, returned service accepted. No answers were filed by Woodside. The date of the judgment of Anna A. Garrison against Woodside is nowhere given, but the petitioner says it was obtained before the petition was filed, so that the defendant had full notice of the attachment before the judgment was entered. In the counter-statement it is alleged that the action of Anna A. Garrison was an action of trespass to recover the value of the goods, and as this is not denied by the appellant we must infer that this averment is correct.

The case is thus presented that the plaintiff, Anna A. Garrison, had brought an action of trespass against the garnishee for damages for appropriating her personal goods, and had recovered a judgment therein against him for $464.84. Of course, it was an adversary proceeding in which the plaintiff was obliged to prove, and, we must assume, did prove, every element necessary to her right to recover from the garnishee the value of the goods in question. This includes her title, which was asserted and successfully maintained against the defendant, and fully establishes her right to have him pay to her the full amount of the damages recovered. She has therefore already gone all the way through the necessary legal contest which determines absolutely her right to have him pay to

her the very money in controversy. He now proposes to have that right tried over again, by introducing another person who does not at all claim her right to the money, as between her and Woodside, but his own right or title to the goods which were the subject of the action of Anna A. Garrison, because he is a creditor of her husband, Walter G. Garrison. And this effort is made notwithstanding the fact that the attachment was issued during the pendency of the suit of Anna A. Garrison against Woodside, and might have been availed of by Woodside in that action. But, instead of doing this, he makes defence in the action, presumably every defence that he could make, and is defeated by the recovery of an adversary judgment, and not until then does he seek to introduce a third person into the litigation. If this third person had any claim against Anna A. Garrison, either by assignment of her judgment or as a creditor of hers, there would be at least plausibility in the application for the interpleader. But no such claim is made. On the contrary, it is expressly stated that the claim of DeZouche is against another person, the husband it is true of Anna A. Garrison, but a distinct person; and that his claim against him is as a creditor, and that he, the husband, was the real owner of the goods for which Anna A. Garrison has already recovered a judgment.

We have been referred to no case either in this commonwealth or elsewhere where an interpleader has been allowed in such circumstances. Our act of March 11, 1836, § 4, P. L. 77, distinctly requires that the defendant shall make his application "at any time after declaration filed and before plea pleaded," and he must also offer to bring the money or goods into the court, " or to pay or dispose thereof as the court shall order." He must also " disclaim all interest in the subject-matter of such action." Nothing of this kind was done. The defendant brought no money or goods into court; he made no disclaimer of all interest in the subject-matter of the action; he made no application whatever for an interpleader pending the action, but proceeded to trial and judgment, and after that, for the first time, he sets up the claim of another. It is too late to apply for an order to interplead, after the case is at issue : 1 T. & H. Pr., 275; Frost v. Heywood, 2 Dowl., N. S., 801. That the defendant, who applies for the interpleader, must be a mere stakeholder; that he must have no interest in the subject-matter

Opinion of the Court.

of the suit; that he must admit his liability for the whole amount of the plaintiff's demand, are principles so well settled in the interpleader practice that no discussion of the subject is necessary.

The whole matter is fully reviewed and explained by our Brother CLARK, in the opinion delivered by him in the case of Bechtel v. Sheafer, 117 Pa. 555. He there shows that, "as a general rule, the party seeking relief by an interpleader must not have incurred any independent liability to either of the rival claimants; if he have expressly acknowledged the title or right of one of them, and agreed to hold the property for him, or, disregarding the adverse claim of one, has by contract made himself liable in any event to the other, he cannot be said to stand indifferent between them." In the present petition, it is expressly stated that the goods were deposited with the defendant by either Anna A. Garrison or her husband, and as Anna A. Garrison recovered in her adversary action against him, we are bound to assume that she, and not her husband, was the bailor of the goods. It is also shown in the opinion above referred to "that under the act of 1 & 2 William IV., an interpleader will not be awarded to relieve a party under an express promise to pay or perform, against an antagonistic and independent claim. . . . . Nor can a bailee ordinarily raise an interpleader between his bailor and one who asserts an independent, antagonistic, and paramount title." Again it is said, "It is true, nevertheless, that the proceeding cannot be sustained by a party who has any personal interest in the subject of controversy: Dohnert's App., 64 Pa. 314; Bridesburg Mfg. Co.'s App., 106 Pa. 275. The party applying for it must occupy the place of a mere stakeholder, without any rights of his own to be litigated." In the principal case of Bechtel v. Sheafer, the application was made in the original suit against Sheafer, before plea pleaded, and with an absolute disclaimer of any interest in the fund in dispute, and an offer to pay the money into court. None of these features exist in the present case; and whether the application be regarded as under the common-law practice, or the practice under the act of 1 & 2 William IV., or under our own act of 1836, or under the practice in equity, the result is the same, and the order for an issue was properly refused.

The order of the court below, refusing the issue, is affirmed.