## Alessi et al. v. Metropolitan Life Insurance Company.

*Interpleader—Conclusiveness of issue, as between real parties, no bar to the granting of an interpleader—Act of March 11, 1836.*

On a rule for an interpleader under the Act of March 11, 1836, P. L. 77, the court will not determine the right to the fund, even though the facts are undisputed and the law clear.

Rule to show cause why an interpleader should not be awarded. C. P. No. 5, Phila. Co., March T., 1924, No. 9972.

*L. L. Smith*, for plaintiffs; *A. P. Mowitz*, for defendant.

MARTIN, P. J., Nov. 21, 1924.—At the instance of the defendant, a rule issued from this court to show cause why an interpleader should not be awarded and the defendant be permitted to pay the money in issue into court.

The material allegations of the petition for the rule are that the said Harry W. Koch made his assignment for the benefit of creditors to the above named plaintiffs; that among the assets of said Harry W. Koch was a policy of insurance issued by the defendant company upon the life of said Koch and made payable at his death to his estate; that subsequently, to wit, on Sept. 12, 1923, said Harry W. Koch died and letters testamentary upon his estate were issued to E. Agnes Koch, who, by letter dated June 2, 1924, addressed to counsel for the defendant, demanded payment of the proceeds of the said policy of insurance and threatened suit in the event of non-payment. The defendant is now a mere stakeholder, asking that an interpleader be awarded to determine the right to said fund as between the plaintiff and the said executrix, further asking permission to pay the proceeds of said policy into court to await the result of said suit.

The answer of the plaintiffs admits these allegations of the petition, but contends that, under the law, the assignees are entitled to the proceeds of this insurance policy as against the executrix of the will of the insured, and that, there being no disputed facts, the court should here determine the right to said fund and discharge the rule.

The defendant has brought itself clearly within the provisions of the Act of March 11, 1836, P. L. 77, and the practice there has been approved in Bechtel v. Sheafer, 117 Pa. 555, and De Zouche v. Garrison, 140 Pa. 430. The purpose of the act is to relieve one who is a mere stakeholder from liability for any accruing costs, and the conclusiveness of the issue as between the real contending parties to the litigation is no bar to the invocation of the benefits of the provisions of this act to one thereto entitled. Defendant, now a mere stakeholder, should not be subjected to any future costs or to any chance of the outcome of the claims of the real contending parties.

And now, to wit, Nov. 21, 1924, rule absolute.