Schlessinger *v.* H. B. Smith Co., May, Appellant.

*Benjamin H. Wolf* and *Alvin Levy,* for plaintiff.

*Wm. B. Cooper,* of *Cooney & Lynd,* for defendants.

PER CURIAM, April 30, 1930: .

Plaintiff commenced a suit in assumpsit, by foreign attachment, against defendant company, to recover a broker's commission for the sale of real estate. Defendant, averring that one May also claimed the commission in controversy, petitioned for an interpleader between plaintiff and this other claimant. May answered, averring that defendant had agreed to pay him the commission claimed by plaintiff. Plaintiff also filed an answer objecting to the interpleader, denying that the commissions claimed were the same, and alleging various inconsistencies in May's position. The court below refused the interpleader on the ground that the pleadings before it showed that May's claims were based on contracts other than that alleged by plaintiff, and related to different funds; hence, that payment into court of the fund held by defendant would not relieve it of liability to both parties. Defendant raised no objection to this decision; but May has appealed.

Both plaintiff and defendant have filed motions to quash the appeal; the motions must be sustained. Whether or not the court below was correct in discharging the rule for interpleader, the only party who can object to such action in this court is the defendant itself, and, as previously stated, it has not appealed. "The intent of the statute [Act of March 11, 1836, P. L. 76, section 4] is to protect a defendant, who is a mere stakeholder, from the risk of a double liability, and also from the expense of litigation": McKinley v. Mutual Life Ins. Co., 278 Pa. 300, 304. Since the interpleader is for the protection of the stakeholder alone, the parties sought to be interpleaded have no interest which would entitle them to protest against the refusal to allow such a proceeding. Appellant's right to recover on any claim he may have against defendant remains undisturbed.

The motions are sustained and the appeal is quashed.