Fidelity Trust Co., Adm., Appellant, v. William Penn Trust Co.

Argued May 3, 1933.

Before Trexler, P. J., Keller, Cunning-ham, Baldrige, Parker and James, JJ.

*S. V. Albo,* and with him *Louis Vaira* and *M. E. Catanzaro,* of *Albo, Vaira & Catanzaro,* for appellant. —A defendant on an interpleader who seeks to deduct from the amount in suit a sum which it alleges is due it and offers to pay the balance in court, loses its right to an interpleader: De Zouche v. Garrison et al., 140 Pa. 430; Bechtel v. Sheafer, 117 Pa. 555; Appeal of L. L. Kimmel, 96 Pa. Superior Ct. 488.

*Charles A. Woods,* for appellee, cited: Hicks v. Northern Liberties National Bank, 168 Pa. 638.

OPINION BY KELLER, J., July 14, 1933:

This order directing the plaintiff in the action (1) to interplead with the Empire Yeast Company relative to the ownership of a deposit of $2,263.44 in the hands of the defendant trust company; and (2) if the issue be determined adversely to the Empire Yeast Company, then that an issue be framed between the plaintiff and defendant as to the latter's right to set off against the fund certain credits claimed by it, cannot stand and must be reversed.

The plaintiff claimed to recover from the defendant the sum of $2,263.44, (with interest from September 13, 1931, when demand was made for its payment), which, it was alleged was standing to the credit of its intestate, Siragusa, on the books of the defendant trust company at the time of his death.

This balance was also claimed by Empire Yeast Company, under the allegation that the money had been deposited in the trust company by Siragusa as its agent, and belonged to it, Empire Yeast Company.

The defendant trust company denied all liability for any interest claimed by the plaintiff, sought to offset

against the account an alleged claim which it holds against Siragusa personally, to the amount of $742.60, and an attorney fee of $100, and asked the court to require the parties to interplead as to the balance. It was only this balance of $1,420.84, without interest, which it offered to pay into court, or dispose of as the court should order. This it could not do. It must ask for an interpleader as to the whole, or, if unwilling to do this, defend the action like any other litigant. It may not dispute the amount demanded and yet ask for an interpleader as to the amount it does not dispute. And on a petition in that form the court cannot order any interpleader whatever.

The Act of March 11, 1836, P. L. 77, provides that the defendant in any action brought for the recovery of money etc., which shall have come lawfully to his hands or possession and the right to which is claimed by some person not a party to the action, may by a suggestion filed of record "disclaim all interest in the subject matter of such action and offer to bring the same into court, or to pay or dispose thereof as the court shall order," whereupon the court may order the plaintiff to interplead with such third person. It only lies when the party applying disclaims all interest in the subject matter: Barnes v. Bamberger, 196 Pa. 123, 46 Atl. 303; Schmidt & Sons Brewing Co. v. Pittsburgh Life & Trust Co., 256 Pa. 363, 368, 100 Atl. 959; McKinley v. Mut. Life Ins. Co., 278 Pa. 300, 123 Atl. 304; Kimmell's Appeal, 96 Pa. Superior Ct. 488. It cannot be maintained where it appears, at any stage of the cause, that there is a substantial controversy as to the extent of the petitioner's liability or the amount of his indebtedness: Appeal of Bridesburg Mfg. Co., 106 Pa. 275; Schlessinger v. Smith Co., 300 Pa. 154, 150 Atl. 297.

The petitioner must be a mere stakeholder, with no rights of his own to be litigated; and the suit is to

recover money claimed by rivals as between whom the defendant has no interest: Bechtel v. Sheafer, 117 Pa. 555, 11 Atl. 889; Schmidt Brewing Co. v. Pittsburgh L. & T. Co., supra; McSorley v. Coyle, 40 Pa. Superior Ct. 560; Paugh v. Del. Co. Trust Co., 62 Pa. Superior Ct. 523, 526. If the petitioner has expressly acknowledged the title and right of one of the claimants and agreed to hold the property for him he is not an indifferent stakeholder: McSorley v. Coyle, supra; De-Zouche v. Garrison, 140 Pa. 430, 21 Atl. 450; Bechtel v. Sheafer, supra, p. 560. He must admit his liability for the *whole* of the plaintiff's demand: DeZouche v. Garrison, supra; Bechtel v. Sheafer, supra, p. 561.

The petition for an interpleader filed in this case showed on its face: (1) a refusal to admit liability for the whole of plaintiff's demand; (2) a claim of right to apply part of the fund in its hands to a debt alleged to be due it by the plaintiff's intestate, and for an attorney's fee for which it claimed he was liable to it, thus, in effect, acknowledging the right of one of the claimants to so much of the fund; (3) a failure to disclaim all interest in the subject matter, but on the contrary a claim of right to apply part of it to a debt alleged to be due it by plaintiff's intestate; (4) that petitioner defendant was not a mere stakeholder but claimed ownership in its own right as to part of fund; (5) the offer to pay into court, or dispose as the court might order, was limited to part of the fund in dispute, instead of the whole, as provided by the act.

The petition, on its face, not only lacked the jurisdictional requirements necessary to warrant the court to order an interpleader, but also contained definite averments inconsistent with the relief sought, and the demurrer should have been sustained.

The assignments of error are sustained. The order

is reversed and the record is remitted to the court below with directions to sustain the demurrer and discharge the rule for an interpleader.