## E. P. Wilbur Trust Company v. Knadler

*Smith & Paff* and *John D. Hoffman*, for petitioner.
*John H. Diefenderfer*, for respondents.

STEWART, P. J., July 13, 1936.—This is a petition by Elizabeth K. Knadler "to order and direct the E. P. Wilbur Trust Company of Bethlehem, Pennsylvania and/or Luther Harr, Secretary of Banking of the Commonwealth of Pennsylvania, as Receiver of the E. P. Wilbur Trust Company of Bethlehem, Pennsylvania, and as Secretary of Banking of the Commonwealth of Pennsylvania, to bring the said fund, with interest, into Court for payment and delivery to your petitioner as the adjudicated owner of the said fund." From the petition it appears that she instituted an action against the E. P. Wilbur Trust Company to recover the principal of certain mortgage certificates issued by the said trust company; and that on April 16, 1934, the said trust company filed a bill in equity in which it acknowledged that it owed the sum of $13,500, the proceeds of the mortgage certificates, to someone, but that the same was claimed by the said Elizabeth K. Knadler, on the one hand, and by LeRoy F. Knadler, son of Milton T. Knadler, deceased, and by Louise Knadler, and Donald M. Knadler, grandchildren of the said Milton T. Knadler, on the other hand; that it was a mere stakeholder in the matter, desirous of making payment to the persons lawfully entitled to the proceeds thereof; and that it brought its bill of interpleader in equity to determine the ownership of the certificates; that it had no interest in the proceeds of the said mortgage certificates; that it is and has been at all times ready and willing to pay the sums of money due under said certificates to whomsoever shall appear to be entitled thereto; and that it was ready to bring the fund into court to abide the result of the interpleader; that answers were filed by the respective claimants, and the case was heard by this court; that on April 1, 1935, the final decree of this court was entered, adjudging that Elizabeth K. Knadler was entitled to receive the proceeds of the certificates, to wit, $13,500 with interest; and that an appeal was taken to the Supreme Court; and on May 25, 1936, the Supreme Court affirmed the order and decree of this court; that on November 20, 1935,

Luther Harr, Secretary of Banking, was appointed receiver for the trust company by this court; and that subsequently the said Secretary of Banking took over the trust company; that the trust company never brought the said fund into this court; nor has the said fund been paid to petitioner.

When the petition was presented, an appearance was entered by the attorney for the Secretary of Banking, but no answer was filed to this petition. The purpose of an interpleader, where there are two or more claimants to the fund, is well stated by President Judge Thayer in Philadelphia Saving Fund Society v. Clarke, Admr., 15 Phila. 289, as follows:

"The ground of every such bill is the danger of injury to the plaintiff from the doubtful or conflicting claims upon him of the several defendants. Where the party holding the fund may be discharged from all liability by the payment to one, a bill of interpleader will not lie. The true ground upon which the plaintiff in a bill of interpleader comes into equity is, that, claiming no right in the subject-matter himself, he is or may be vexed by having two legal or other processes in the names of different persons, going on against him at the same time, and he comes into court to insist that those persons, claiming that to which he makes no claim, should settle their several claims against him among themselves. A bill of interpleader always supposes that the plaintiff is a mere holder of a stake which is contested by other claimants, and as to which he stands indifferent between them, and such a bill cannot be maintained by any person who does not admit a claim by two claimants to the debt which he owes or the thing which he has in his possession."

An interpleader can only be maintained where plaintiff is a stakeholder without any personal claim of his to the fund: Bridesburg Manufacturing Co.'s Appeal, 106 Pa. 275; Bechtel v. Sheafer, 117 Pa. 555. In DeZouche v. Garrison et al., 140 Pa. 430, the syllabus is:

"A defendant who applies for an interpleader under the act of March 11, 1836, P. L. 77, must be a mere stakeholder, must have no interest in the subject matter of the suit, must admit his liability for the whole of the plaintiff's demand, and must offer to bring the goods or money into court, or to dispose thereof as the court shall order."

In Barnes v. Bamberger, 196 Pa. 123, 127, Mr. Justice McCollum said:

"The defendants having brought themselves within the letter and spirit of the act of March 11, 1836, and disclaimed all interest in the subject-matter of the action, the court should without delay or hesitation, have granted the interpleader prayed for. The payment of the money into court was not a condition precedent to the order for an interpleader, nor was the entry of a judgment in the suit of Barnes & Company to the use of Meade, under the circumstances, a justifiable proceeding. There is nothing discoverable in the conduct of the defendants which excused the action of the court, and the interpleader act does not contemplate a payment of the money into court and a disposition of the controversy by the court without a jury."

Those words were quoted with approval by Mr. Justice Mestrezat in Schmidt Brewing Co. v. Pittsburgh Life & Trust Co., 256 Pa. 363, 369, and he added:

"The defendant, being a mere stakeholder and having offered to pay the money into court, should not have been subjected to the costs of litigation, as, suggested in the affidavit of defense, the judgment should have been so moulded as to protect the defendant against the claim of Devlin's administratrix for which an action was pending."

See also Schlessinger v. H. B. Smith Co., 300 Pa. 154. It seems to make no difference whether the interpleader was by common law, or by statute, or in equity: McKinley v. Mutual Life Ins. Co., 278 Pa. 300; Kimmell's Appeal, 96 Pa. Superior Ct. 488, 491. In that case Judge Baldrige sets forth the requisites for a bill in interpleader as follows:

"Equity affords relief to one who desires to discharge an acknowledged obligation but is confronted with conflicting claimants. The main requisite of equity jurisdiction is that the interpleader bill should set forth (1) that the defendant has no interest in the fund in controversy; (2) that he is ready to bring the fund into court to abide the result of the interpleader; (3) that there should be a claim by two or more parties to the fund".

All these requisites are present in this case. Examples of how far the court will go in preserving the record status even though the result would seem to conflict with it are found in Berkheimer v. Geise et al., Admrs., 82 Pa. 64, and Wolfe v. Gordon, 4 Sadler 307, 7 Atl. 163. In the former case a certain amount of money was paid into court which defendant admitted he owed plaintiff. On the trial arbitrators found that he owed plaintiff less than the amount paid in. The Supreme Court held that it was error for the lower court to award defendant the excess. In the latter case the money was paid with an allegation that two parties claimed the money. Afterwards a supplemental bill was filed, setting forth that since the original bill was filed it had been decided that the money paid into court belonged to C, and the lower court dismissed the supplemental bill. The Supreme Court affirmed its action. In this case we have the trust company's sworn statement that it was a mere stakeholder; that it had no interest in the fund; and that it was ready to pay it to whomsoever the court might order. Of course if this money had been paid into court the receiver would have no standing to object to the payment under the decree of this court, and he is in no better position to object because as a matter of fact the money was not paid over. The sum was impressed with a trust in favor of Elizabeth K. Knadler, and the general creditors of the trust company had absolutely no interest in it whatever. It is just like that much gold placed in a safe deposit box, and marked with her name on it. The receiver never acquired any interest in that fund, and she is entitled to have an order directing its payment now.