## Lannon v. Church of the Holy Apostles

*Charles G. Gartling*, for plaintiff.
*Highley & Semans*, for defendant.

CRUMLISH, J., August 23, 1945.—Is defendant entitled to have rule for interpleader granted, under the Pa. R. C. P., where two real estate brokers claim a commission, on separate contracts, for the same sale?

Plaintiff, Joseph R. Lannon, real estate broker, filed a statement of claim alleging that on or about one week subsequent to May 5, 1944, he was verbally employed by defendant corporation, through its duly authorized agent, its Rector and President, Rev. J. H. A. Bomberger, to procure a purchaser for its church property located on the southeast corner of 21st and Christian Streets, Philadelphia. He alleges that on September 28, 1944, he wrote one, E. J. Schall, chairman of the sale committee of defendant corporation, inquiring if defendant would be willing to compensate him for negotiating a sale of the property to the Shiloh Baptist Church. In reply, he received a letter dated September 29, 1944, from Schall, saying that "in the event the property is sold, one commission only will be paid, to the broker effecting the sale, if and when settlement is actually completed and title passed". The letter further stated "we assume no responsibility for a commission to you should the Shiloh Baptist Church purchase this property through any other source". Both these letters are made a part of the statement of claim by reference.

Plaintiff alleges that the property was conveyed to the Shiloh Baptist Church on March 6, 1945, and that

by reason of the sale to the customer secured by plaintiff as the result of his employment to do so, there is due him, from defendant, the sum of $4,375, being five percent of the sale price, $87,500. This commission he alleges to be the usual and customary charge or commission paid real estate brokers in Philadelphia for such services.

After service of this statement of claim, defendant filed a petition for interpleader, praying that Howard W. McFall, a real estate broker, and plaintiff be ordered to interplead. Defendant's petition sets out that McFall conducted the negotiations between defendant and the purchaser, and that defendant had executed and delivered to the said McFall an agreement, dated December 7, 1944, wherein it agreed to pay McFall a commission of five percent of the gross sale price, $87,-500, for his services in securing the Shiloh Baptist Church as a purchaser. Defendant also avers that because of the claim asserted by plaintiff it has not paid McFall, and expects McFall to demand payment, and that this exposes defendant to "double or multiple liability to plaintiff and to said Howard W. McFall". Defendant further denies any liability to plaintiff, but avers that the agreement of December 7, 1944, executed and delivered to McFall may have subjected it to "independent liability" to McFall for the amount in controversy.

### Rules construed

The subject matter is controlled by the Pa. R. C. P. Rules 2302 and 2303 thereof provide, respectively, for the time for filing and the allegations of a petition for an interpleader. A pertinent provision of Rule 2303, is:

"(1) That a claimant not a party of record has made or is expected to make a demand upon the defendant as a result of which the defendant is or may be exposed to double or multiple liability to the plaintiff and to such

claimant as to all or any part of the claim asserted by the plaintiff."

Goodrich-Amram, Commentaries 2303(a)-3 and 2303(a)-4, defines in clear and certain language and illustrates by use of examples, the danger of multiple liability and distinguishes it from separate liabilities.

Applying the aforesaid rules and the commentaries to the facts in the instant case it is clear that our immediate scrutiny is to be directed to the contractual relations of the parties.

"If the facts are such that the defendant may be liable to each claimant and that recovery by one claimant will not preclude recovery by the other claimant no interpleader can be allowed." Goodrich-Amram, Commentary 2303(a)-4. It is to be noted that prior practice was in accord with this statement: Goodrich-Amram.

### Independent claims

Briefly, the situation presented by the instant case is that of two brokers, each relying on a separate contract, and claiming to have secured the same purchaser for the church property owned by defendant. In Schlessinger v. H. B. Smith Co., 300 Pa. 154 (1930), a similar situation was involved. There, the court below was sustained in denying interpleader on the ground that the pleadings showed the claim of May, one of the brokers, was based on contracts other than that alleged by plaintiff and related to different funds, hence, that payment of the fund into court did not relieve defendant of liability to both parties. This principle is borne out in Frank C. Snedaker & Co., Inc., v. Wayne Title and Trust Co., 139 Pa. Superior Ct. 381 (1940), where it was held that parties who have made two separate and distinct contracts, not interrelated, even where the subject matter of both is the same, cannot be interpleaded where the effect of such would be to relieve the defendant of his contract liability to pay under one of them. In Fisher v. Stevens Coal Co. et al.,

136 Pa. Superior Ct. 394 (1939), the matter of interpleader was considered exhaustively by late President Judge Keller. In speaking of the application of the general rule, cited above, he said (p. 410) :

"Where a different situation is presented, by reason of the fact that the party asking for the interpleader has incurred an independent liability to either of the claimants or has expressly acknowledged the right of one of them, or has by contract made himself liable in any event to one or the other, and he does not stand indifferent between them, but has a contest of his own with the several claimants, an interpleader should not be ordered, and if it is improperly ordered in such circumstances, it will be reversed on appeal . . ."

Situations involving disputes between the seller of real estate and two or more real estate brokers are not uncommon in the cases deciding the rights of parties to interpleader. In all of them, it has universally been held that if the owner of the property is called upon to pay twice, it is not twice on the same contract, but only once on each contract made. See Kratz v. First National Bank of Lansdale, Exec., 55 Montg. 322 (1939) ; Fronefield v. The Pennsylvania Co., etc., 32 Del. Co. Rep. 283 (1943) ; Leach et al. v. Brothers et al., 44 D. & C. 438 (1942).

In the Leach case it is worthy to note a comment of President Judge Braham, because the factual situation very closely parallels that in ours (p. 441) :

"Upon a comparison of the two statements of claim it is perfectly apparent that defendants have two disputes on their hands. On the one hand is plaintiff who claims to have been employed to make sale of this property, to have sold it, and to be entitled to the commission. On the other hand is Mr. Pritchard, who says he sold this property and is entitled to his commission, attaching to his statement of claim a writing signed by one of the defendants. Conceivably defendants have so handled their affairs as to be liable to both these real estate agents."

In Fisher v. Stevens Coal Co. et al., supra, Judge Keller gives the proposition that where a party, by his own act, is placed in a position to be sued, he cannot call upon the court to substitute another defendant under the interpleader act. As an example, he cites the very situation involved in our case (p. 409) :

"See also Maxwell v. Frazier, 96 Pac. 548 (Oregon), where a land owner who employed two real estate agents, under separate contracts, to procure a purchaser for his real estate, was not permitted, upon a sale of the land, to require the two agents to interplead as to which was entitled to the commission for effecting the sale. This was somewhat similar in its facts to Schlessinger v. Smith (May, Appellant), 300 Pa. 154. . . ."

In such cases the defendant is not subjected to double or multiple liability since he has made separate and independent contracts. The object of interpleader is not to protect a party against separate liability arising out of two contracts, but rather from vexatious litigation and multiple liability arising out of a common asserted claim of more than one party: Fisher v. Stevens Coal Co., supra. If defendant has a contest with several claimants he cannot settle them by resort to interpleader.

On the record before us, if plaintiff's allegations are sustained upon trial of his case, defendant conceivably may be required to pay him upon the contract set out in his statement of claim, and, since defendant already acknowledges his independent obligation to pay McFall also, under a separate contract, he may be said to face double liability arising out of two contracts. Defendant concedes that a question of fact exists whether the purchaser bought the property through Lannon or McFall, but concludes that there is no question of fact that two commissions were to be paid. On the pleadings as they now stand, it seems very clear that there are two separate contracts in question, and the mere fact

that the letter of Schall states that only one commission is to be paid poses a factual as well as a legal issue.

The foregoing makes it unnecessary to labor any other position taken by the defendant.

Accordingly, we enter the following

### Order

And now, August 23, 1945, upon consideration of the petition for interpleader filed by defendant, it is ordered that the petition for interpleader is dismissed. Defendant is directed to file an affidavit of defense within 15 days from the receipt of notice hereof.

NOTE.—See also Clyde v. First National Bank of Chester, 54 D. & C. 614.