## McSorley v. Coyle, Appellant.

*Interpleader—Petitioner for issue—Independent liability.*

1. The petitioner for an interpleader and an issue thereon must be free from any independent liability to either of the parties claiming the fund. If he has expressly acknowledged the title and right of one of them and agreed to hold the property for him, he is not an indifferent stakeholder.

2. In an action upon a written contract it appeared that the plaintiff was the vendee of certain real estate, and that the defendants were the agents of the vendors for the management of real estate. On the real estate sold there was a municipal lien which could not be satisfied. The

plaintiff, the vendors and the defendants entered into the contract in suit by which the vendors bound themselves to pay the lien in question when it became possible to pay it. It was also agreed that the defendants should hold funds of the vendors to satisfy the lien, and that when it became payable the defendants were forthwith to apply so much of the funds of the vendors in their hands as might be necessary to fully pay and satisfy the lien. The agreement was under seal. After the lien became due and payable the vendors notified the defendants that they had a counterclaim against the plaintiff growing out of a transaction in regard to another piece of real estate. The defendants applied for an interpleader which was refused, filed a demurrer which was overruled, and a judgment was entered against them for want of a sufficient affidavit of defense. *Held*, (1) that the application for the interpleader was properly refused, as there was a direct obligation by the defendants to pay the plaintiff if the lien was not satisfied; (2) that there was sufficient consideration to support the agreement as the plaintiff took the title relying upon the promise of the defendants to satisfy the lien; (3) that the set up of the counterclaim of the vendors in the affidavit of defense was insufficient to prevent judgment against the defendants.

Argued April 28, 1909. Appeal, No. 171, April T., 1909, by defendants, from various orders of C. P. No. 4, Allegheny Co., Third Term, 1908, No. 255, in favor of the plaintiff in suit of John McSorley v. William L. Coyle et al., doing business as Coyle Brothers. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for interpleader.

Demurrer to statement of claim.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Errors assigned* were (1) refusal of interpleader; (2) overruling demurrer to statement; (3) making absolute rule for judgment for want of a sufficient affidavit of defense.

*E. J. Kent*, for appellant.—Where the suggestion for interpleader filed, shows that the funds sued for in the hands of the defendants is claimed by third persons and defendants disclaim all interest in the subject-matter of the action and offer to pay

the money into court or dispose of the same as the court may order, it is the duty of the court to award an issue of interpleader: Vandergrift v. Freeman, 1 W. N. C. 109; Laughlin v. McCormick, 2 W. N. C. 352; Aland v. Dollar Savings Bank, 31 Pitts. L. J. 80; Bechtel v. Sheafer, 117 Pa. 555; DeZouche v. Garrison, 140 Pa. 430.

It is a general rule that when an agent's authority is not coupled with a beneficial interest in the subject-matter of the agency, the principal may revoke his agent's authority at any time: Blackstone v. Buttermore, 53 Pa. 266; Coffin v. Landis, 46 Pa. 426; Hartley & Minor's App., 53 Pa. 212.

Appellee does not show or allege any damage. He does not allege that he has paid the liens, or that the city asked him to pay the same, that the city has taken any steps to compel the payment thereof; and appellee is not personally liable or personally obligated therefor: Mayer v. Walter, 64 Pa. 283.

*C. K. Robinson*, with him *J. F. McNaul*, for appellee.—Defendants have assumed a personal liability to plaintiff, which is fatal to interpleader: Bridesburg Mfg. Co.'s App., 106 Pa. 275; Bechtel v. Sheafer, 117 Pa. 555; DeZouche v. Garrison, 140 Pa. 430.

There are no rival claimants to the same fund; this is fatal to the interpleader: Bridesburg Mfg. Co.'s App., 106 Pa. 275.

There was adequate consideration for the promise: Flannery v. Dechert, 13 Pa. 505; McNish v. Reynolds, Lamberton & Co., 95 Pa. 483; Smith v. McKenna, 53 Pa. 151.

The measure of damages is amount of lien: Ardesco Oil Co. v. Oil & Mining Co., 66 Pa. 375.

Appellants have received funds for an express purpose: Lee v. Gibbons, 14 S. & R. 104; Winton Coal Co. v. Pancoast Coal Co., 170 Pa. 437; Humbird v. Davis, 210 Pa. 311; Whitney v. Haskell, 216 Pa. 622; Kirkpatrick v. McDonald, 11 Pa. 387–392; Stoudt v. Hine, 45 Pa. 30; Hindmarch v. Hoffman, 127 Pa. 284.

OPINION BY HENDERSON, J., July 14, 1909:

There were three stages in the development of this case from the judgment in each of which the defendants appealed.

The first assignment excepts to the refusal of the court to award an interpleader between the plaintiff and Sarah I. and W. I. Mustin on the petition of the defendants setting forth that they were stakeholders merely and that the fund for which the plaintiff sued was claimed by Sarah I. Mustin and William I. Mustin. The declaration set forth the plaintiff's cause of action from which it appears that the said Sarah I. Mustin and William I. Mustin, her husband, conveyed to the plaintiff certain real estate in the city of Pittsburg against which at the time of the conveyance a municipal lien existed which the vendors were unable to remove because the assessments had not been made out and had not yet become payable at the office of the city treasurer. In order, therefore, to satisfy the vendee and relieve him from liability on account of the lien an agreement in writing was entered into to which the vendors, the vendee and the defendants in this action were the parties. Coyle Brothers were the agents of the vendors for the collection of rents and they were brought into the contract for that reason. By the terms of this agreement the vendors bound themselves to pay and satisfy the lien existing against the property they were about to convey as soon as the assessment was made up and in a situation permitting its payment to the city treasurer of Pittsburg. The agreement contained the further provision that Coyle Brothers, the agents of the grantor, should hold a sufficient amount of rents which might come into their hands belonging to the vendors to satisfy the said lien, with the further provision that if the vendors should fail to satisfy the lien within fifteen days after the same became payable then Coyle Brothers were forthwith to apply so much of said rents to the payment of the lien as might be necessary to fully satisfy and discharge it. This agreement was under seal. Several objections were made by the plaintiff to the granting of an interpleader. Without entering into a discussion of all of them, two were sufficient to support the action of the court. One of these was that the defendants' liability was a direct engagement to pay the amount of the lien at once on failure of the grantors to do so within the time fixed in the contract. This undertaking of the defendants was assumed because the grantors, their

principals, desired to relieve the property of the incumbrance and placed in the hands of the defendants a sufficient sum to discharge the liability. ꓔThe defendants in becoming parties to the contract undertook to perform if their principals failed and it is admitted that a fund was in the defendants' hands sufficient to carry out this promise. It is the rule generally speaking relating to interpleaders that the petitioner for such an issue must be free from any independent liability to either of the parties claiming the fund. If he has expressly acknowledged the title and right of one of them and agreed to hold the property for him he is not an indifferent stakeholder: Bechtel v. Sheafer, 117 Pa. 555; DeZouche v. Garrison, 140 Pa. 430. The petition for the interpleader admits the contract as set forth in the plaintiff's declaration. It is not disputed that the plaintiff's grantors did not pay within the time stipulated in the agreement and the defendants, therefore, became bound to the plaintiff on the terms of that instrument. The title was accepted by the plaintiff presumably on the consideration in part, at least, of the undertaking of the defendants to satisfy the lien, and their obligation so to do was directly to the plaintiff. No change or transfer of the fund in the defendants' hands had been made nor was there any claim of title acquired after the deposit with the defendants. In this respect the case is different from Bechtel v. Sheafer, 117 Pa. 555. That was the case of a duebill as to which it was alleged that the title had been transferred and there was, therefore, a contest between rival claimants to the obligation. The second objection is that on the defendants' own statement there is not any other claimant to the fund in their hands. What is set up by them in their petition is that Mr. and Mrs. Mustin have a counterclaim or demand for damages against the plaintiff because of some alleged breach of a parol contract relating to another piece of real estate. There is no allegation that the money in the hands of the defendants is not properly there for the very purpose for which it was given to them. Moreover, the claim set up by Mustin and his wife is for a much larger amount than that for which the plaintiff sues. They are not claiming the identical fund, but are setting up a cross demand which could not

be tried in the issue for which the defendants asked. It is not the form of action to determine the rights of parties on any other question than that of the title to the particular fund. The case presented was, therefore, not an appropriate one for an interpleader.

The second and third assignments relate to the subsequent stages of the proceeding and may be considered together. There was a demurrer to the plaintiff's statement which was overruled and a judgment for want of a sufficient affidavit of defense. It was objected in the demurrer and in the affidavit of defense that the defendants were not liable to the plaintiff because their undertaking was without consideration and that their agreement was not to pay to the plaintiff but to the city treasurer if any obligation was imposed and that the contract with the plaintiff did not impose a contractual obligation on the defendants. The plaintiff's claim introduced two grounds of liability: first, because of the contract already referred to, and, second, because of the receipt of money by the defendants to be applied in a particular way for the latter's use. The defendants agreed to accept and actually did receive the money contracted about and promised to pay according to the terms stipulated. This undertaking was an inducement to the plaintiff to accept the title charged with the lien and this was a good consideration between the plaintiff and defendants. The risk to the plaintiff because of the incumbrance was a sufficient consideration: Smith v. McKenna, 53 Pa. 151; Harlan v. Harlan, 20 Pa. 303; McNish v. Reynolds, 95 Pa. 483. If the plaintiff took the title, moved in part as he evidently was by the promise of the defendants to relieve the property if the grantors failed to do so within the time fixed, there was a good consideration.

The defendants' liability was not one of indemnity merely. The contract did not relate to the title and that the land was or should continue to be free from incumbrances, but was an agreement to discharge the lien at a particular time. If the obligation were one of indemnity no right of action would accrue unless damage was shown to be inflicted, but where the agreement is to do a particular thing a right of action is complete as soon as there is a failure to perform: Oil Co. v. Oil & Mining

Co., 66 Pa. 375; Sedgwick on Damages (8th ed.), sec. 974. It is admitted, moreover, that the defendants had in their hands a fund to be applied to the payment of this liability and an action can be sustained against them by the party for whom it was so deposited: Shoemaker v. King, 40 Pa. 104; Stoudt v. Hine, 45 Pa. 30. The affidavit of defense sets up no other reason for refusing to pay the plaintiff's demand than the claim of Mustin and wife that the plaintiff is indebted to them on account of the breach of a contract for the improvement of real estate which they took in exchange for that conveyed to the plaintiff. It is alleged in an answer filed to the rule for an interpleader that there was no conveyance of land by the plaintiff to Mr. and Mrs. Mustin, but whatever may be the fact with reference thereto the defendants cannot avail themselves of that controversy in defense of the plaintiff's action. The demurrer should have been overruled, and judgment was properly entered for the plaintiff on the rule for judgment for want of a sufficient affidavit of defense.

The exceptions are overruled and the judgment affirmed.