# Warrington v. Mengel, Appellant.

*Interpleader—Equity—Equitable assignment—Trusts and trustees.*

Where a person receives and holds money for the specific purpose of paying it over to a contractor after certain work is completed, the transaction constitutes an equitable assignment of the fund, and after such work has been properly completed, the assignment cannot be revoked by the party making it, and the person holding the money is not entitled to an interpleader when suit is brought against him by the contractor to secure payment of the fund.

Argued Nov. 9, 1909. Appeal, No. 10, Oct. T., 1909, by defendants, from order of C. P. Berks Co., Nov. T., 1908, No. 22, making absolute rule for judgment for want of a sufficient .affidavit of defense in case of Clara E. Warrington and James A. Seagreaves, to use of D. Elmer Dampman, v. Ralph H. Mengel and J. Hain Mengel, doing business as Men-

gel & Mengel. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Assumpsit for money had and received.

Rule for judgment for want of a sufficient affidavit of defense. Before Stevens, J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Ralph H. Mengel,* for appellants.

*W. B. Bechtel,* for appellees.

Opinion by Beaver, J., December 20, 1909:

The claim of the plaintiffs is based upon the following written instrument:

"Exhibit 'A.'

"Garrett B. Stevens
"William Kerper Stevens
"Law Offices of<br>"Stevens & Stevens.<br>"Reading, Pa.

"January 22, 1908.

"Mengel & Mengel,

"Gentlemen:—

"Misunderstandings having arisen as to the alterations of 'Reading House' owned by Clara E. Warrington and Brother; the bills having been rendered which exceed $2500 the original estimate. Now it is hereby agreed so as to keep the total cost within the amount of money in your hands you will pay for material and labor upon 'Release of Mechanics' Liens' only such amounts as shall be approved by D. Elmer Dampman upon written order signed by D. Elmer Dampman and countersigned by G. B. Stevens. This agreement being made in contemplation of the original agreement, viz.:—that the toilets be completed, the gas pipe be reled to the second floor,

the relaying of the brick pavements, gents toilet to have a cement floor and ladies toilet to have a wooden floor, providing, however, if the actual cost shall be found to exceed the said sum of $2500 dollars nothing herein contained shall prevent the demand for actual cost.

"(Signed)    D. E. DAMPMAN    [SEAL.]
"(Signed)    MRS. CLARA E. WARRINGTON    [SEAL.]
"(Signed)    G. B. STEVENS    [SEAL.]"

The defendants are not parties to this agreement in the sense of having made themselves so by their signature but, as is clearly shown by their affidavit of defense, they accepted whatever of obligation is implied therein and thereby, and are liable to the use plaintiff for whatever of contract obligation is to be inferred therefrom. The defendants, whilst alleging their entire lack of interest in the balance of the fund in their hands, for the recovery of which the suit is brought, claim that the amount is demanded by the parties who now are the legal plaintiffs in the suit, who placed the money in their hands for the specific purpose indicated in the agreement, and that, because of the conflicting claims of the legal and equitable plaintiffs, they have filed a stakeholders' bill, asking for an issue to determine the respective rights of these antagonistic claims, claiming their right to do so under the provisions of the special Act of March 27, 1848, P. L. 265, relating to the counties of Berks and Schuylkill, and that because of the pendency of the said bill in equity, they should not be called upon to pay the balance admittedly in their hands to the said use plaintiff.

The special act of assembly referred to has received full consideration and interpretation in the case of Bechtel v. Sheafer, 117 Pa. 555. In that case, Mr. Justice CLARK, who delivered the opinion, said: "The mere fact that a contract relation existed between Sheafer and Betchel, by the terms of which Sheafer was bound to pay the money to him, will not necessarily deprive Sheafer of the right to an interpleader," citing a number of cases as establishing this general principle. He also says, however: "It is true, as a general rule, the party

seeking relief by an interpleader must not have incurred any independent liability to either of the rival claimants; if he have expressly acknowledged the title or right of one of them, and agreed to hold the property for him, or, disregarding the adverse claim of one, has by contract made himself liable in any event to the other, he cannot be said to stand indifferent between them."

In East Lewisburg Lumber, etc., Co. v. Marsh, 91 Pa. 96, it was held that "Equity will support assignments of contingent interests and expectancies; things which have no present actual existence, but rest in mere possibility; not indeed as a present, positive transfer operative in præsenti, for that can only be of a thing in esse, but as a present contract to take effect and attach as soon as the thing comes in esse."

See also Ruple v. Bindley, 91 Pa. 296, the first paragraph of the syllabus of which is: "An assignment for a valuable consideration of demands, having at the time no actual existence, but which rest in expectancy only, is valid in equity as an agreement, and takes effect as an assignment, when the demands intended to be assigned are subsequently brought into existence."

The court below was, therefore, justified, as we think, referring to the balance admitted by the defendants to be in their hands, in saying: "The money was deposited with and held by the defendants for a specific purpose—payment to the plaintiff for work done under the contract with Mrs. Warrington. When the defendants accepted this money, they became liable to the plaintiff according to the terms of the agreement under which they received it; in other words, they became trustees for the plaintiff, who became the equitable assignee of the fund. 'An equitable assignment is an agreement in the nature of a declaration of trust. . . . The form is immaterial, so that there be a clearly expressed intention of an immediate transfer of the right to the assignee. Where one was indebted to a number of persons and remitted a sum of money to B, with order to give specific parts to certain creditors, it was held that B became a trustee for those creditors, and that they, thereupon, acquired such an interest in the

trust fund as could not be divested by an attachment against the debtor, though some of the creditors had no notice of the trust before the service of the attachment:' Sharpless v. Welsh, 4 Dall. 279; Ruple v. Bindley, 91 Pa. 296. 'The appropriation being complete as an assignment of the fund by the agreement of the parties could not be revoked:' Nesmith v. Drum, 8 W. & S. 9."

The equitable plaintiff, having met all the requirements of the agreement with the legal plaintiffs, was entitled to the fund in the hands of the defendants, held by them in trust for him, awaiting only the complete fulfillment of the conditions under which the money was so held. There is no allegation in the affidavit of defense that these conditions were not fully met. The implied obligation of the defendants, arising out of the terms and conditions upon which they held the money, in which they allege they have no personal interest, therefore became operative and they are bound thereby. The assignment of the legal plaintiffs to the defendants for the benefit of the use plaintiff was an appropriation of the fund which, having been in part executed by the defendants and the conditions of the contract between the legal and equitable plaintiffs having been fully carried out, was such an appropriation of the fund as could not be revoked: Nesmith v. Drum, 8 W. & S. 9; Day & Sharpe's Assigned Estate, 21 Pa. Superior Ct. 118.

It may be noted, although we do not regard it as essential to the integrity of the judgment entered by the court below, that the affidavit of defense states no specific ground upon which the legal plaintiffs claim the fund in the hands of the defendants in contravention of their written agreement.

We are all of the opinion that the judgment of the court below was properly entered.

Judgment affirmed.