## Sink et al. v. Straitwell Coal Company.

*Interpleader—Refusal of—Interest of parties—Discretion of court.*

1. An interpleader will not be granted to a defendant in a suit, where it appears that he is not a mere stakeholder, but has a personal interest in the subject-matter of the suit.

2. The court may exercise a judicial discretion in determining the right to an interpleader.

Petition for interpleader. C. P. Jefferson Co., Jan. T., 1921, No. 6.

*Pentz & Pentz*, for plaintiff; *Mitchell & Morris*, for defendant.

*Smith M. McCreight*, for D. M. Straitwell, claimant.

CORBET, P. J., Dec. 14, 1921.—On Oct. 26, 1920, plaintiffs brought this action of *assumpsit* against the defendant, Straitwell Coal Company, a corporation.

Plaintiffs in their statement of claim, filed Oct. 26, 1920, aver as their cause of action: "Third. That on or about the 1st day of July, 1920, the plaintiffs in this case entered into a verbal contract with defendant to sell their coal which they mined from the Straitwell Mine in Jefferson County, Pennsylvania, at the market price, which said market price was $7.10 per net ton, and between the 1st of July, 1920, and the 4th of October, 1920, in pursuance of said contract, delivered to the said defendant 123 tons on board their mine cars, as agreed to do by the plaintiffs, which said coal amounts in value to $873.30, for which coal the said defendant was to pay the plaintiffs every two weeks—that being the 15th and the 30th days of each month." And further aver that, although they made the delivery of the coal as stated, the defendant has neglected and refused to pay for it, and that their action was brought to recover said sum of $873.30 due the plaintiffs therefor, with interest from Oct. 4, 1920.

The sheriff made return to the summons that he served it Oct. 29, 1920, on the defendant, by handing a true and attested copy, and making known its contents, to Martin Straitwell (D. M. Straitwell, the claimant), manager and one of the directors of the defendant company, and that at the same time he served a copy of the statement of claim on defendant by handing such copy to the same official of the company.

On Nov. 10, 1920, defendant presented its petition, setting forth that it had not filed an affidavit of defence:

"4. That on the 1st day of November, A. D. 1920, your petitioner received from D. M. Straitwell a notice, whereof the following is a true copy:

" 'To Straitwell Coal Company, defendant:.

" 'Please take notice that the moneys now in your hands for coal delivered at the siding of your mines near Cortez, Penna., by G. C. Sink and Walter Sink, and for which they have brought above suit against you, are not their moneys, nor are they entitled to said moneys. Said coal so delivered was mined from my coal mine in McCalmont Township and my property and the moneys due for same in your hands is mine and I claim the same from you. It is my intention to sue you therefor if you do not promptly pay this money to me. Respectfully, D. M. Straitwell. Dated November 1, 1920.'

"5. The identical money for which this suit has been brought is thus claimed by G. S. Sink and Walter Sink, and also by D. M. Straitwell.

"6. Your petitioner has no interest in the said money and is thus liable to be put to the expense of defending two actions, and is subject to the risk of being compelled to pay said money twice."

And, offering to pay said money into court (or to dispose thereof as the court shall direct and order), prayed:

(a) That the plaintiffs and said D. M. Straitwell be ordered to interplead.

(b) For process to make D. M. Straitwell a party to the action, for rules and orders for carrying the interpleader into full and complete effect, and for such judgment of the court as shall be agreeable to the rules and practices of law in like cases.

On Nov. 16, 1920, the plaintiffs answered the petition, averring absence of knowledge by them of the notice alleged in the fourth paragraph of the petition, and demanding proof concerning it; denying the matters alleged in the fifth and sixth paragraphs, and, answering generally, that D. M. Straitwell was the principal stockholder in and owner of defendant corporation, the mine operated by it being on his premises, their information and belief that he was manager, owner of a majority of the stock, and had absolute control of the defendant company; that they were informed by defendant that the

1 D. & C.

Sink et al. v. Straitwell Coal Company.

latter had already paid the amount of plaintiffs' claim to said D. M. Straitwell; that they were informed, before they brought their suit, that the money was already in his hands, having been demanded by and paid to him, and that the claim set up to it by the claimant was only a subterfuge and arrangement between said Straitwell and the defendant to seize the money due the plaintiffs and turn it over to said Straitwell. And praying for the dismissal of the petition.

On Nov. 27, 1920, D. M. Straitwell answered:

"1. That sometime previous to the 15th of September, 1920, the said D. M. Straitwell entered into a parol contract with the Straitwell Coal Company, whereby the said D. M. Straitwell was to sell and deliver coal from his mine on his farm in McCalmont Township to the Straitwell Coal Company at its tipple near Cortez, Pa., at the sum or price of $7.10 per net ton.

"2. That, in pursuance of said contract, the said D. M. Straitwell delivered or caused to be delivered, to the Straitwell Coal Company, at its tipple, coal as follows: September 15th to Sept. 30, 1920, 107.65 tons, and on October 4th and 5th, 1920, 6.20 tons, making a total of 113.85 tons, at the price or sum of $7.10 per net ton, amounting to the sum of $808.34, all of which is due and remains unpaid; which amount of money the claimant, D. M. Straitwell, claims of the Straitwell Coal Company. And the said D. M. Straitwell avers that $808.34 of the money so paid into court, or to be so paid into court by the Straitwell Company, is his money and property and not the money and property of G. C. Sink and Walter Sink, or any other persons.

"3. That previous to the 15th of September, 1920, the said D. M. Straitwell entered into a contract with G. C. Sink and Walter Sink, whereby the said G. C. Sink and Walter Sink were to mine coal from his aforesaid mine on his farm in McCalmont Township, Jefferson County, Penna., and haul and deliver for the said Straitwell the said coal to the tipple of the Straitwell Coal Company, near Cortez, Penna., for the price or sum of $4.50 per net ton.

"4. That, in pursuance of said agreement and understanding, there was mined, hauled and delivered by the said G. C. Sink and Walter Sink for the said D. M. Straitwell, on Sept. 16th to Sept. 30, 1920, 107.65 tons, and October 4th and 5th, 1920, 6.20 tons, or a total of 113.32 tons, at $4.50 per net ton, amounting to the sum of $512.32.

"5. That from this amount of $512.32 owing by the said Straitwell to G. C. Sink and Walter Sink, the said Straitwell claims from the said G. C. Sink and Walter Sink the following credits, . . . making a total credit of $403.93, leaving a balance due G. C. and Walter Sink of $108.39 by the said Straitwell; a judgment for which amount is hereby tendered by the said D. M. Straitwell to the said G. C. Sink and Walter Sink."

On Sept. 27, 1921, the Straitwell Coal Company, defendant, paid into court the principal sum claimed by plaintiffs, $873.30.

The features presented in this case are unusual and exceptional, as much for what is not revealed as for what is revealed. The plaintiffs have not told us by what right they mined coal from the Straitwell Mine in Jefferson County, Pennsylvania, and sold and delivered it to the defendant. The defendant has not in any way denied the contract, and performance of their part of it, averred by plaintiffs, and we must accept those allegations as true at the present stage of the case. Defendant bases its application for the interpleader on the D. M. Straitwell notice to it. In this Straitwell, apparently, lays claim to be paid for the coal in suit on the ground that it was mined from his mine and was his property, although his notice makes no specific mention of the coal being tortiously mined and delivered by the plain-

tiffs to the defendant. In his answer to defendant's petition for the interpleader, Straitwell says that, previous to Sept. 15, 1920, he entered into a contract with plaintiffs to mine coal from his aforesaid mine and haul and deliver it for him to the tipple of the defendant company for $4.50 per net ton; that also, sometime previous to the date mentioned, he entered into a parol contract with the defendant company, by which he was to sell and deliver coal from his mine to the defendant company, at its tipple, at $7.10 per ton, and that, in pursuance of such contract, he delivered, or caused to be delivered, to it 113.85 tons, amounting to $808.34, all of which remains due and unpaid him. Yet neither of these alleged contracts, as a basis for the respective demand of the plaintiffs and claim of the claimant, is mentioned by the defendant in its petition, save by way of mere recital of what plaintiffs' action was brought for, although, if either were made, it is quite apparent the defendant, as a party, would know fully about it.

The plaintiffs do not claim the ownership of any definite and specific sum of money in the defendant's hands, but damages for the breach of a contract it made, as is alleged, with them. Likewise, the claimant bases his claim on the breach of a contract he alleges was made with him by the defendant, and not on any alleged ownership of a definite and specific sum of money in defendant's hands. The defendant cannot, therefore, under such circumstances, well say that it does not know which of the parties it owes, for it would be its duty to know; nor could it accurately affirm that it is an entirely disinterested party, liable to be put to the expense of defending two actions, and subject to the risk of being obliged to pay the money twice, if the situation is one of its own making. It appears from the respective claims of the parties who are asked to interplead that defendant is debtor to each on a separate and distinct contract made by it separately with each of them. Neither claims under the contract of the other. That each is claiming payment for the same coal has not been directly and distinctly stated by the defendant in its petition, although there is warrant for that inference from what is stated. And if it be so, the questions still remain: Which of the contracts is the valid one, and by which is the defendant bound and obligated to pay? And if there be a distinction between the parties, plaintiffs and claimant, to which one is defendant really debtor? In respect thereto the defendant is an interested party and not a mere stakeholder. It is interested in the settlement of the questions mentioned with each of the parties, but it ought not to be permitted to call them together or to match them against each other in order that they be settled between them in the interest of, or for the benefit of, the defendant.

It is said in Bechtel v. Sheafer, 117 Pa. 555 (563): "It is true, nevertheless, that the proceeding (for an interpleader) cannot be sustained by a party who has any personal interest in the subject of controversy: Dohnert's Appeal, 64 Pa. 311; Bridesburg Manuf. Co.'s Appeal, 106 Pa. 275. The party applying for it must occupy the place of a mere stakeholder, without any rights of his own to be litigated."

In De Zouche v. Garrison, 140 Pa. 430 (435-6), it is said: "That the defendant who applies for the interpleader must be a mere stakeholder; that he must have no interest in the subject-matter of the suit; that he must admit his liability for the whole amount of the plaintiff's demand, are principles so well settled in the interpleader practice that no discussion of the subject is necessary."

In McSorley v. Coyle, 40 Pa. Superior Ct. 560 (564), it is said: "It is the rule, generally speaking, relating to interpleaders that the petitioner for such an issue must be free from any independent liability to either of the parties

1 D. & C.

claiming the fund. If he has expressly acknowledged the title and right of one of them and agreed to hold the property for him, he is not an indifferent stakeholder.''

Claimant, D. M. Straitwell, sets up for adjustment an alleged contract between himself and the plaintiffs, and a cross-demand thereunder, which could be tried in the issue which defendant asks. "It is not the form of action to determine the rights of parties on any other question than that of the title to the particular fund:" McSorley *v.* Coyle, 40 Pa. Superior Ct. 560 (565).

The court may exercise a judicial discretion in determining the right to an interpleader (Schmidt Brewing Co. *v.* Pittsburgh Life and Trust Co., 256 Pa. 363), and we see no reason why the defendant may not fully protect its rights and defend itself in the present action. If in fact the plaintiffs had no contract with the defendant, or if they had no right to sell the coal to the defendant, because it belonged to D. M. Straitwell, opportunity remains to defendant to defend on those grounds or any other legitimate ground of defence it may have. From what has been said, it follows that defendant's application for the interpleader must be refused.

And now, Dec. 14, 1921, after hearing and due consideration, the rule to show cause is discharged and defendant's application for an interpleader is refused.

From Raymond E. Brown, Brookville, Pa.