## Parker v. Swarthmore Chautauqua Association.

*Interpleader — Adverse claimants — When interpleader will lie — Real estate brokers—Claimants for commissions.*

1. Interpleader will not lie if the stakeholder has incurred some personal obligation to either of the claimants, independent of the obligation of the other claimant, nor if he has a personal interest in the subject in controversy. He must show that he is a mere stakeholder without any rights of his own to be litigated.

2. Where two real estate brokers claim commissions for the sale of real estate, the claims being independent of each other and upon express contracts, the owner is not entitled to a decree requiring the claimants to interplead.

Petition and rule for interpleader. C. P. Delaware Co., March T., 1927, No. 2370.

*Albert J. Williams*, for plaintiff.

*Clarence Myers* and *Claude C. Smith*, for defendants,

FRONEFIELD, P. J.—The defendant presents its petition for an interpleader and for payment into court of the money it owes, to either the plaintiff or to Wilson & Company, and sets forth that the plaintiff brought suit against it for the recovery of $975, with interest, for commissions for the sale of real estate in Swarthmore; that William H. Wilson & Co. orally claimed from the defendant the same sum for commissions for the sale of the same real estate; that when settlement was made for the transfer of said property the commissions were retained by defendant from both claimants; that defendant has no

Parker v. Swarthmore Chautauqua Association.

interest in the said money and desires to pay it to the party legally entitled thereto, and prays that an issue be directed between the plaintiff and William H. Wilson to determine which is entitled to the said sum, and that the defendant be permitted to pay the said money into court.

The plaintiff answers the above petition, that the defendant specifically agreed to pay him for effecting the sale; that the claim of William H. Wilson & Co. is for a broker's commission, based on the claim that they introduced the purchaser to the defendant several months before; and that the plaintiff's claim is on a special contract for effecting the sale, which was effected to the purchaser by the plaintiff after defendant had received notice of the Wilson claim without so telling the plaintiff. The plaintiff deneis that the claim of Wilson is for the same money, for the reason above stated. He denies that Wilson intends to bring suit, and alleges that it is immaterial whether defendant is liable to be put to the expense of defending two suits and to be subject to the risk of being compelled to twice pay said amount.

The case was argued on petition and answer: Dohnert's Appeal, 64 Pa. 311.

Under the circumstances, the claimants have distinct contracts and different causes of action, and, hence, cannot be compelled to settle them between themselves in an interpleader, and the petitioner, having two separate and distinct contracts with the claimants, has rights of his own to be litigated.

In Bridesburg Manuf. Co.'s Appeal, 106 Pa. 275, it is stated: "We think it is well settled, both in England and in this country, that a bill of interpleader cannot be maintained by a plaintiff who has a personal interest in the subject in controversy. He must show that he is a mere stakeholder, without any rights of his own to be litigated. The object of the proceeding is to determine to which of several claimants the plaintiff shall pay a certain debt or duty about which there is no dispute except as to the person entitled to receive it, so that when their respective rights are settled nothing further remains in controversy. . . . If he has a contest of his own with the several claimants, he cannot settle it by this form of procedure. . . . Whenever it appears that there is a substantial controversy between the plaintiff and the defendants in regard to the extent of the liability of the former or the amount of his indebtedness, the plaintiff's right to his remedy is at once determined, for he cannot bring the defendants into equity to settle a dispute with himself under the pretense of compelling them to settle one between themselves:" De Zouche v. Garrison, 140 Pa. 430.

Interpleader will not lie if the stakeholder has incurred some personal obligation to either of the claimants independent of the obligation to the other claimant, because such claimant would in that event have a claim against him which could not be settled in litigation between the claimants: 33 Corpus Juris, 439; 15 Ruling Case Law, 223; 10 L. R. A. (N. S.) 758; Warrington v. Mengel, 41 Pa. Superior Ct. 362; McSorley v. Coyle, 40 Pa. Superior Ct. 560.

The petitioner must not have any rights of his own to be litigated: Bechtel v. Sheafer, 117 Pa. 555.

I know of no statutory provision allowing the petitioner's counsel fees, and in the absence of one, they may not be allowed: Colonial Trust Co. v. Scranton Life Ins. Co., 30 Dist. R. 954.

And now, July 28, 1927, the rule to show cause why William H. Wilson & Co. and Charles Parker should not interplead as to the subject-matter of the action in the above suit be and it is hereby discharged.

From William R. Toal, Media, Pa.