## United Security Insurance Company v. Breen

*William R. Mervine,* for plaintiff.
*Samuel Bonavita,* for defendant.

WOLFE, P. J., March 28, 1973.—Defendant has filed preliminary objections to plaintiff's complaint in assumpsit for more specific pleading and a demurrer. Plaintiff amended its complaint pro se within the 10-day period, leaving for disposition the demurrer.

Defendant asks that the complaint be dismissed and judgment entered for him because six years have elapsed since the inception of plaintiff's action and is, therefore, barred by the applicable statute of limitations.

Plaintiff's action is founded in an insurance policy wherein plaintiff agreed to insure defendant under a policy of automobile collision insurance and by reason thereof plaintiff paid defendant $1,318.89 on May 13, 1964, for the property damage incurred by defendant by reason of an accident between him and a third party occurring on April 19, 1964.

Plaintiff alleges defendant breached paragraph 4 of the conditions of the policy which placed a duty on him to assist plaintiff and cooperate with it in its

endeavor to enforce the right of contribution or indemnity against any person or organization who may be liable to its insured because of loss with respect to which insurance is afforded under the policy. The obligation placed upon defendant was his required attendance at hearings and trials and assistance in securing and giving evidence and obtaining attendance of witnesses.

Plaintiff alleges it prepared a complaint and solicited the aid of defendant in prosecuting the third-party tortfeasor who caused the damage to defendant's truck, but defendant has refused to cooperate and would not sign and return the complaint prepared and presented to defendant September 1968, in order that plaintiff could pursue its third-party action.

Defendant argues the cause of action between the parties herein arose on the date of the accident, to wit, May 13, 1964, and since six years have expired from the date of filing the original complaint, to wit, August 7, 1970, plaintiff is now barred in its action against defendant.

In considering a demurrer, we must accept as true all well-pleaded facts and the fair inferences therefrom, but not conclusions of law or unjustified inferences. The question to be decided upon the facts averred in the complaint is whether it shows with certainty that the law will not permit a recovery by plaintiff. Where a doubt exists as to whether or not summary judgment should be entered, it should be resolved in refusing to enter it: Gardner v. Allegheny Company, 382 Pa. 88 (1955); London v. Kingsley, 368 Pa. 109 (1951); and Adams v. Speckman, 385 Pa. 308 (1956).

Thus, the narrow issue before us is whether plaintiff is barred as a matter of law by the statute of

limitations applicable notwithstanding the facts, as pleaded, assert a good cause of action.

The same principle of law to resolve this issue is found in Ashley v. Lehigh and Wilkes-Barre Coal Company, 232 Pa. 425 (1911), wherein the court, in considering the applicable statute of limitations on a cause of action against a third-party tortfeasor for indemnity found:

"The accident occurred August 2, 1902; the action against the borough was instituted on December 16, 1903; the notice to defend was given on May 5, 1904; final judgment was recovered on April 30, 1906; actual payment by the borough was made on May 23, 1906, and the present suit was begun August 24, 1907.

"The defendant urges that the limitation is two years from the date of the accident, August 2, 1902, citing the Act of June 24, 1895, P.L. 236, and claiming that the municipality's right of subrogation can only be *coextensive with the liability upon which it is predicated.*" (Italics supplied.)

The court therein held the act applies only to the claim of the person injured, and does not apply at all to the cause of action which belongs to the municipality for reimbursement. The court concluded the cause of action for subrogation and reimbursement did not arise and could not arise until final judgment at least, until April 30, 1906, or not until payment, May 23, 1906, and the right of subrogation or reimbursement could not come into existence before one or the other of those dates, both within two years, of the action commenced for reimbursement.

In Selig v. Philadelphia Title Insurance Company, 380 Pa. 264 (1955), plaintiff brought an action in assumpsit for conversion of plaintiff's bonds by defendant under an agreement between the parties

wherein, if plaintiff failed to perform his obligation, defendant's rights to sell the bonds and make payment accrued immediately. The court, citing McSorley v. Coyle, 40 Pa. Superior Ct. 560, 565 (1909), stated:

"Where the agreement is to do a particular thing, a right of action is complete as soon as there is a failure to perform."

In Sicola v. First National Bank of Altoona, 404 Pa. 18 (1961), the court, in resolving the issue of the statute of limitations to bar an action for malicious prosecution on a defense in which plaintiffs did not bring their action within the one-year period, was prompted to hold that no action accrued in plaintiffs until the criminal action brought against plaintiffs ended in their favor.

This same application of the statute of limitations is found in malpractice actions where the courts have consistently held the statute commences running at the time the alleged malpractice is discovered and not at the time of the operation. See Moffat v. Metropolitan Casualty Insurance Company of New York, 238 F. Supp. 165 (1964).

Applying the foregoing to the current case, we cannot say the cause of action accrued on April 19, 1964, but rather in September, 1968, when defendant refused to sign the complaint. At this juncture, plaintiff had performed all of the conditions necessary and had pursued its cause of action against the third-party tortfeasor as far as it could without the aid of defendant. Defendant refused to cooperate in September 1968, a period of four years and four months from the date of payment to him, and suit was filed within two years from the date of defendant's default. Thus, as between the parties to this action, we conclude plaintiff's cause of action accrued September 1968. Plaintiff presented the complaint to defendant for execu-

tion within the six-year limit from the date of the accident to pursue its property damage against the third-party tortfeasor and, by reason of defendant's negative conduct and refusal to cooperate, plaintiff has suffered a complete defense to its cause of action against the third-party tortfeasor which was barred on May 14, 1970.

For the foregoing reasons, we are compelled to conclude that the demurrer must be dismissed and, therefore, we make the following

ORDER

And now, to wit, March 28, 1973, the demurrer is dismissed and defendant is granted 20 days from date of filing this order to answer the amended complaint in assumpsit.