## Whyte *v.* Faust et al., Appellants.

*Corporations — Removal of president — Equity — Jurisdiction — Act of June 16, 1836, P. L. 785.*

1. The jurisdiction of equity in Pennsylvania is limited.

2. A court of equity has no jurisdiction to remove the president of a corporation, or to restrain him from carrying on the functions of that office.

3. There is nothing in the Act of June 16, 1836, P. L. 785, which gives a court of equity the power to remove officers of private corporations.

Argued October 9, 1924. Appeal, No. 118, Oct. T., 1924, by defendants, from decree of C. P. Allegheny Co., July T., 1922, No. 2044, on bill in equity, in case of James

L. Whyte v. Walter R. Faust, and Merchants Transfer & Storage Co., a corporation. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Bill to remove the president of a private corporation. Before KLINE, J.

The opinion of the Supreme Court states the facts.

The court entered the following decree:

And now, June 16, 1924, this cause came on to be heard at this term, was argued by counsel, and, upon consideration thereof, it is ordered, adjudged and decreed as follows, viz: That Walter R. Faust be and is hereby restrained and enjoined from collecting, taking or possessing any of the moneys of or due the Merchants Transfer & Storage Company, a corporation; any notes, checks or orders for payment of money to said corporation; interfering with, handling, having access to, charge or possession of any such moneys, notes, checks or orders; from disposing of or in anywise interfering with any of the assets or property of said corporation; making any contracts for the sale or disposal thereof, or for the purchase of supplies or equipment for and on behalf of said corporation; from using said corporation, or his connection therewith as an officer or otherwise, as a basis of credit for himself or for any other person or persons; from receiving or taking moneys from said corporation as advancements or withdrawals on account of salary in excess of that fixed by proper corporate action, except, however, dividends when legally declared, or for work or services actually performed and rendered; and further, from the personal management of the company's business. Further, that the defendants pay the costs of this proceeding.

Defendants appealed.

*Error assigned* was, inter alia, decree, quoting it.

W. W. *Stoner,* of *J. M. Stoner & Sons,* for appellant.

A. S. *Moorhead,* of *Dunn & Moorhead,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, Nov. 24, 1924:

Walter R. Faust appeals from the decree, which appears in the reporter's notes, entered against him by the court below, the effect of which is to forbid him from exercising the duties or otherwise carrying on the functions of president of the Merchants Transfer & Storage Company, to which office he had been elected by its board of directors, and the question for our determination is, Has a court of equity authority to enter such a decree? The chancellor who entered it, in his opinion refers to no authority justifying such an order and counsel for appellee points us to none. As it enjoins the defendant from the management of the company's business, the very function which the president of a corporation, as its executive head, is authorized to carry on, the decree leaves the corporation without supreme executive direction.

The reasons given by the court below for its action are that the defendant drank intoxicating liquors and while intoxicated, had misapplied some of the money of the corporation, which, however, would seem to have been returned; that he had overdrawn his account with the company and misused its funds in connection with matters not relating to the corporation's business, and in other respects had not been accurate in the management of its fiscal affairs and in keeping its accounts; that acting jointly with his mother, who was a director, he had depleted the company's surplus by the improvident payment of dividends and also by acting with her had increased his own salary; and generally that he was not a suitable person to manage the corporation.

The bill was filed by a minority stockholder. If a minority stockholder can invoke such a power as the one here exercised against the majority, then majority

control over a corporation can be set aside and the judgment of a chancellor as to what is proper in the way of corporate management be substituted for that of those who by virtue of their majority interest in the corporation have the right to control and direct its affairs. The far-reaching effect such a power as that exercised in this case would have, in view of the vastness of present-day corporate business, is such as to cause heed to be taken before laying down a principle countenancing it which, if asserted, could be applied to any of the corporations now carrying on business within the Commonwealth.

We start with the proposition that jurisdiction in equity in Pennsylvania is limited: Davis v. Gerhard, 5 Wharton 466, 470; Dohnert's App., 64 Pa. 311, 313; Hogsett v. Thompson, 258 Pa. 85, 91; Wilson v. Blaine, 262 Pa. 367, 371; Bispham's Principles of Equity (10th ed., 1922) 26. While it is true that under the Act of June 16, 1836, P. L. 785, 789, "the . . . . . several courts of common pleas . . . . . . have the jurisdiction and powers of a court of chancery, so far as relates to . . . . . . the supervision and control of all corporations other than those of a municipal character," this jurisdiction was certainly never intended to be broader than that pertaining to the English Court of Chancery (see Bispham's Principles of Equity (10th ed., 1922) p. 2 et seq.) where it was held in Attorney General v. Earl of Clarendon, 17 Ves. Jr. 491, 498, 34 Reprint 190, 193, that the court of chancery had no jurisdiction to remove corporate officers. That decision has been followed in several states of this country. It was determined by the Supreme Court of California in Neall v. Hill, 16 Calif. 145, 148, that a decree which undertook to remove certain officers of a company and to enjoin them from discharging the duties of their offices could not be maintained and that the entering of such an order was an improper exercise of judicial authority. In Bayless v. Orne, 1 Freeman's Chancery R. 161, 176, it was decided by the Supreme Court of Missis-

sippi that a court of chancery was without authority to suspend indefinitely an officer of a corporation "and thus do indirectly that which may not be done directly." The power to remove an officer of a corporation was denied also in Robertson v. Bullions, 11 N. Y. 243, 252. "The law is well settled that the courts have no power to remove corporate officers......It is also the prevailing and general rule that a court of equity will not practically remove corporate officers by enjoining them from performing any of their customary duties": 4 Cook on Corporations, 8th ed. (1923), p. 3265. "The courts ordinarily have no power to remove a corporate officer, but in some states special statutes authorize proceedings in court to remove such officers......Likewise, since an injunction to restrain the officers from performing the duties of their office would be practically the same as a removal, the court will not issue such an injunction......in a few states, the statutes expressly provide for actions to remove corporate officers": 3 Fletcher, Cyclopedia, Corporations, 3011. See also 32 Corpus Juris 239. If a chancellor may forbid the president chosen in the proper corporate way to act, he could with just as strong reason prescribe who should fill the office and substitute his judgment for that of the stockholders or the directors chosen by them.

The decree of the court below is reversed and set aside at the cost of appellee.