## Seiavitch v. Appel, Secretary of Health

*Snyder, Miller, Hull & Hull*, for plaintiff.
*William A. Schnader*, Attorney General, for defendant.

WICKERSHAM, J., November 17, 1933.—The bill of complaint alleges, inter alia, that the plaintiff owns and operates, under the assumed name of Home-

stead Milk Company,.a milk plant located at 528 Eighth Avenue, Munhall, Pa.; that he was notified to appear on Monday, June 12, 1933, in the Bureau of Milk Control at Harrisburg, to show cause why a permit for the sale of milk should not be refused by the Secretary of Health; that pursuant to said hearing he agreed to comply with all the provisions of the act of assembly relating thereto; and that, notwithstanding his compliance in all respects with the stipulations so agreed to, he was on July 28, 1933, refused a permit for the sale of milk from his plant. The bill further alleges that he has been aggrieved by the decision of the Secretary of Health refusing a permit for the sale of milk, and files this bill in equity within 5 days after the refusal to issue a permit, and prays for equitable relief as provided in section 14 of the Act of May 2, 1929, P. L. 1229.

The defendant filed an answer raising preliminary objections to the bill of complaint. It alleges, first, the bill does not set forth a cause of action entitling plaintiff to the relief sought; second, if there is any cause of action created by the facts as averred, it is enforceable by an action of mandamus on the law side of the court; and, third, no authority, statutory or otherwise, authorizes an applicant to bring a bill in equity to compel the issuance by the Secretary of Health of an original permit to sell milk within the Commonwealth for human consumption. The answer prays that the court dismiss the bill of complaint at the cost of the plaintiff.

It will be observed that there is no allegation in the bill that the Secretary of Health refused to grant the permit by reason of any abuse of discretion or any fraud or any wrongdoing. Its sole effect is that plaintiff is an applicant for a permit and that the Secretary of Health, after hearing held and investigation made by his representative, refused to grant the plaintiff a permit. This is not a refusal to reissue nor a revocation of a license. The plaintiff never held a permit from the Commonwealth, and he does not so aver.

The purpose of the Act of May 2, 1929, P. L. 1229, is "to safeguard human health and life by providing for the licensing and regulation of persons and entities dealing in milk for human consumption . . . ." Section 14 of said act, upon which plaintiff relies as the ground for his prayer, provides in part as follows:

"Any person aggrieved by a decision of the secretary, either refusing to reissue a permit or revoking a permit heretofore issued, may file, within five (5) days thereafter, in the court of common pleas of Dauphin County, a bill in equity against the secretary, as defendant, alleging therein in brief detail the action and decision complained of, and praying for relief, and jurisdiction is hereby conferred upon said court for hearing and disposing of such cases. In the event that such a bill is duly filed said permit shall forthwith be reissued or reinstated during the pendency of such proceedings."

It clearly appears, therefore, that the plaintiff, to be aggrieved by the action of the Secretary of Health, must either show that the secretary refused to reissue a permit or revoked a permit theretofore issued. This further appears by the last sentence of section 14 of the act which provides that : "In the event that such a bill is duly filed said permit shall forthwith be reissued or reinstated during the pendency of such proceedings." In the instant case, there has been no permit issued or revoked. We think that the plaintiff, under the allegations in his bill, has not shown jurisdictional facts entitling him to equitable relief: Arthur Freeston, Inc., et al. v. Taggart, Insurance Commissioner, 33 Dauph. 222. We think the court is without jurisdiction to entertain the plaintiff's bill: Whyte v. Faust et al., 281 Pa. 444.

Section 2 of the Act of May 2, 1929, P. L. 1229, as amended by the Act of May 22, 1933, P. L. 832, provides:

"Permits shall be issued only to persons whose entire milk supply, the farms where it is produced, and the plants in which the milk is handled, have been approved by the secretary. . . .

"Permits may be refused, suspended, or revoked by the secretary if, in his judgment, the requirements of this act are not complied with by the person making an application for a permit or to whom a permit has already been issued."

The section further provides for a hearing, which plaintiff's bill alleges was held.

The present bill does not allege that the secretary has either failed to exercise this discretion at all or has exercised it capriciously, fraudulently, or in any other improper manner. There is no allegation of any such fraud or abuse. Since it is not alleged or pleaded it may not be proved: Caveny v. Curtis et al., 257 Pa. 575, 581; Spangler Brewing Co. v. McHenry, 242 Pa. 522, 528.

We are clearly of opinion, therefore, that under the pleadings and by virtue of the authority contained in the above-quoted Act of 1929 as amended in 1933, the plaintiff has not established his right to equitable relief, and therefore his bill must be dismissed.

And now, November 17, 1933, this case came on to be heard, and after due consideration it is ordered, adjudged, and decreed that the bill of the plaintiff is dismissed; the costs of these proceedings to be paid by the plaintiff.

From Homer L. Kreider, Harrisburg, Pa.