## Markovitz et al. *v.* Markovitz, Appellant.

Argued April 17, 1939. Before KEPHART, C. J., SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*Harry Shapiro,* for appellant.

*Morris Wolf,* of *Wolf, Block, Schorr & Solis-Cohen,* for appellees.

OPINION BY MR. JUSTICE BARNES, July 3, 1939:

This is a proceeding for the removal of the defendant, Victor S. Markovitz, from the office of director of Markovitz Brothers, Inc., and to bar him from re-election thereto for a period prescribed by the court. It is based upon the provisions of Article IV, Section 405(c), of the Business Corporation Law of 1933.[1]

As stated in our decisions in the Markovitz cases which recently have been before this Court[2] the majority shareholder interest in the corporation is held by Harry Markovitz, the survivor of the four brothers who established the business, and by the estate of David Markovitz, deceased. Together they own 64⅙ shares of the common voting stock of the corporation. The minority shareholders are the widow and two sons of Max Markovitz, Victor and Jerome, who are the owners of the remaining 35⅚ shares of this stock.

The dissensions between these two groups of shareholders, as to various financial transactions which had taken place while the four brothers were living, resulted in vexatious litigation in the courts, and in serious disputes between them in the management of the company. There are five directors of the corporation of whom

---

[1] The sub-section of the law reads as follows: "The court of common pleas of the county where the registered office of the corporation is located may at the suit of any shareholder or shareholders holding at least ten per cent of the common or outstanding shares, with or without voting rights, remove from office any director or directors in case of fraudulent or dishonest acts, or gross abuse of authority or discretion with reference to the corporation, and may bar from re-election any director so removed for a period prescribed by the court. The corporation shall be made a party to such actions."

[2] *Markovitz, Exrx. v. Markovitz Bros. Inc.,* 318 Pa. 58; *Markovitz v. Markovitz,* 336 Pa. 122; *Markovitz v. Markovitz Brothers, Inc.,* 336 Pa. 129; *Markovitz v. Markovitz,* 336 Pa. 136.

three are elected by the majority shareholders. By cumulative voting the remaining two directors are elected by the shares held by the Max Markovitz family.

On December 15, 1930, Victor and Jerome Markovitz were elected directors of the company, and although Victor had not been active in its affairs, he was made its secretary despite his youth and inexperience. Harry Markovitz has been a director of the corporation since its organization, and its president since December 15, 1930, following the decease of his oldest brother, David Markovitz. The son of the latter, Sydney Markovitz, also has been a director, and the treasurer and general manager of the corporation for several years. However, since the death of the three older brothers, the business has been actively conducted by Harry and Sydney Markovitz, who have managed it successfully, as is shown by the fact that its volume per year is around $2,000,000, with a net profit for the year 1936 in excess of $60,000.

It is alleged in the bill, as grounds for the removal of defendant from his office, that he grossly abused the authority and discretion vested in him as a director by deliberately annoying and harassing the other officers of the corporation in the performance of their duties, to the detriment and harm of the business.

Upon hearing on bill and answer, the evidence on behalf of plaintiff showed that beginning in August of 1936 the defendant, in the guise of performing his duties as secretary of the company, went daily to its large store in the City of Philadelphia, where he conducted himself in a manner which was inimical to the business, and injurious to the affairs of the corporation. He became the shadow of Sydney J. Markovitz, the general manager, standing beside him and humiliating him while he was transacting business with the employees and customers; following him wherever he went; demoralizing the office force by making absurd requests for detailed information which he already possessed; insisting that private drawers in the offices be opened;

changing locks on doors; and making himself so personally objectionable to the officers, employees and customers of the company that its interests were jeopardized, and the morale of the organization, which carried on the operations of the company, was impaired.

In further aggravation of the defendant's conduct, it appears from the record that on one occasion, in December, 1936, when the corporation required a bank loan to pay for merchandise purchased, it was necessary to obtain from the court and to serve upon defendant a writ of peremptory mandamus to compel him as secretary to furnish the lending bank a certified copy of the resolution of the board of directors authorizing such loan. It further appears that as a director he had voted for the resolution, which he declined to certify, until ordered to do so by the court.

There was no denial by defendant that he committed the acts of which complaint is made, but he sought to justify his conduct by the assertion that it was "the duty of a director to direct," and to investigate and scrutinize the activities of other officers of the company.

The Chancellor in his findings reached the conclusion that the course of conduct followed by defendant constituted an abuse of authority and discretion as a director, which made necessary, for the welfare of the corporation, that defendant be removed from the office of director, and barred therefrom for a disciplinary period of two years from the date of the decree. A decree nisi to such effect was accordingly entered, with the right reserved to the estate of Max Markovitz to elect a director in substitution for the defendant. The defendant has appealed from the final decree, dismissing his exceptions to the Chancellor's findings and conclusions.

Prior to the enactment of the Business Corporation Law, the power to remove a director from office for reasonable and just cause before the expiration of the term for which he was elected could be exercised only within

the corporate structure by the body authorized to appoint or elect directors, generally the shareholders. Courts of equity in this state had no jurisdiction to remove an officer of a private corporation, or to restrain him from carrying on the functions of his office: *Whyte v. Faust*, 281 Pa. 444; *Cella v. Davidson*, 304 Pa. 389; 4 Cook on Corporations, 8th ed. (1923), p. 3265; Fletcher, Cyclopedia Corporations, Vol. 2, Sec. 358.

This lack of power has been remedied by the inclusion in the present law of Section 405(c)[3] under which this proceeding was brought. By the terms of this section, the court of common pleas of the proper county at the suit of a shareholder holding the requisite number of shares may now remove a director from office for any of the causes enumerated therein, and prohibit his re-election for a period of time to be prescribed by the court.

Here the defendant under the power conferred upon him as a director of the corporation unquestionably harassed his fellow officers and employees in the transaction of the company's business. The court below has characterized his conduct as that of a "maliciously mischievous and irresponsible boy." That his course of conduct was deliberate and intentional is apparent from the record as well as from his own admission.

While undoubtedly friction and animosity of a personal nature were present in the relations between

---

[3] A similar statutory provision has been enforced in other states. In Fletcher, Cyclopedia Corporations, Vol. 2, page 119, it is said: "In a few states, the statutes expressly provide for actions to remove corporate officers, and they are usually brought by the attorney-general in the name of or on behalf of the state without a relator. But such actions are ordinarily in equity, and, therefore, the bill of complaint must state an equitable cause of action. . . ."

See *Stendell v. Longshoremen's Protective Union*, 41 So.(La.) 228; *People v. Lyon*, 104 N. Y. S. 319; *People v. Equitable Life Assur. Society*, 109 N. Y. S. 453; *State v. Reynolds*, 204 S. W. (Mo.) 1093.

the parties, aside from the indignities suffered by other officers at the hands of defendant, there was the serious harm which he caused to the corporation by his unreasonable and unjustifiable abuse of the authority he possessed. As a director he was under a duty and responsibility to discharge the functions of his office with fidelity to the best interests of the corporation and its shareholders, for whom he was a trustee. It was his duty to coöperate with the other officers of the corporation, that its business might prosper, and not to thwart and obstruct them in the performance of their duties, particularly where they had achieved an excellent record in the management of the company. As said by the Chancellor: ". . . when an inexperienced and comparatively incompetent director embarks upon a course of conduct such as has above been described, he is guilty of 'gross abuse of authority or discretion with reference to the corporation' and should be removed from office for a substantial period." In our opinion this conclusion is supported by the evidence and must be sustained.

The two year period during which the defendant is barred from re-election does not seem to us to be unduly prolonged in view of the circumstances which, in the discretion of the court, made necessary that term of ineligibility. It will undoubtedly afford a reasonable time for the existing friction and dissension to disappear, and will serve as a warning that a repetition of such misconduct, while acting as a director of the corporation, may afford in the future grounds for further disqualification to hold the office. The decree of the court below adequately provides for minority representation upon the Board of Directors during the time defendant's re-election is barred.

Our review of the record convinces us that the findings are sustained by the evidence, and, as they have been affirmed by the court in banc, are binding upon us: *Patterson's Estate,* 333 Pa. 92.

The decree is affirmed. Appellant to pay the costs.